## Donald Swainbank *v.* John D. Coombs et al.

Superior Court      Litchfield County      File No. 14236

Memorandum filed May 18, 1955.

*Upson & Secor,* of Waterbury, for the plaintiff.

*Larkin & Pickett,* of Waterbury, for the defendants.

KING, J. This was an action for assault and battery brought against the defendant Coombs as the actor, and against the other defendants as constituting the board of education of Woodbury.

The complaint as amended alleges, in brief, that the plaintiff was a sophomore in Woodbury High School; that between classes he entered his home classroom to get books from his desk for the next class; that as he did so, he was whistling; that the defendant Coombs, the principal, struck him on the left ear with his, Coombs's open hand, causing the personal injuries to recover damages for which this action of assault and battery is brought.

It is further alleged that Coombs had been engaged as principal by the other defendants, who constituted the board of education, and that in that capacity it was his duty, and he had been authorized by the board of education, to exercise disciplinary action over the students of the school, and that the aforesaid assault and battery was committed in the discharge of his duties and within the scope of his employment. It may be noted that the amendment to the complaint was filed after a previous demurrer had been sustained.

The defendants other than Coombs demurred to the complaint as amended on the ground that (1) there is no relationship of master and servant between Coombs and the board of education and (2) the board members were exercising merely a public function for which they receive no private or corporate benefit.

It is important to note that the defendants other than Coombs are not sued as individuals but as the board of education of Woodbury. It is for this reason that the defense of governmental immunity may be available to them. *Farrell* v. *DeFelice & Son, Inc.*, 132 Conn. 81, 88; *Peck* v. *Smith*, 41 Conn. 442, 446. And for the same reason, quite properly no defense of governmental immunity is interposed on behalf of the defendant Coombs, who is sued as an individual.

The plaintiff, at the argument of the demurrer, seemed to abandon any claim of a relationship of master and servant between the principal and the other defendants and to confine his claim to one that § 774c of the 1953 Cumulative Supplement had abolished the common-law defense of governmental immunity as to the cause of action herein alleged against the board of education of Woodbury and had imposed on the board of education a direct liability to the plaintiff for Coombs's tort.

Section 774c, in so far as material, provides that "[e]ach board of education shall protect and save harmless . . . any teacher or other employee . . . or any member of its supervisory or administrative staff . . . from financial loss and expense arising out of any claim, demand, suit or judgment by reason of alleged negligence or other act resulting in accidental bodily injury to . . . any person . . . provided such teacher . . . or employee, at the time of the accident resulting in such injury, . . . was acting

in the discharge of his duties within the scope of his employment, or under the direction of such board of education. . . ."

The demurrer lacks the precision in draftsmanship required by our statute, General Statutes, § 7814. However, as previously noted, both parties treated it as adequately raising the question of whether § 774c has abolished the common-law defense of governmental immunity on the part of the board of education and has given a direct action by the plaintiff against the board of education. The plaintiff's presentation in effect waived any technical shortcomings in the demurrer. See *Trzaska* v. *Hartford,* 12 Conn. Sup. 301, 302; *Carta* v. *Norwalk,* 108 Conn. 697, 700; *Irving Trust Co.* v. *Atwood,* 15 Conn. Sup. 114. Under these circumstances the court, in the interest of economy of judicial procedure, although rather against its better judgment, has decided to take the case as presented by the parties. *Anselmo* v. *Cox,* 135 Conn. 78, 79.

That at common law governmental immunity would be a defense to any liability on the part of the board of education in the absence, as here, of any allegation that it directly ordered the assault and battery is not open to question. *Norwalk Teachers' Assn.* v. *Board of Education,* 138 Conn. 269, 275.

Under our law a civil action for assault and battery may be supported by proof of a negligent, or wanton, as well as an intentional, blow. *Lentine* v. *McEvoy,* 105 Conn. 528, 530. This may ultimately become of some importance in this case because of (1) Connecticut's peculiar rule as to the quantum of proof required to establish that excessive force sufficient to impose liability for an assault and battery was used by a teacher in punishing a pupil (*Calway* v. *Williamson,* 130 Conn. 575, 580) and (2)

the possibility of a claim that § 774c is inapplicable to an intentional tort because it would be neither negligent nor accidental. Here the complaint is broad enough to permit proof of a negligent striking, which would bring the case squarely within the actions to which the statute, by its express terms, applies. Thus the question of the applicability of the statute to an intentional tort is immaterial on this demurrer.

As the case has been presented, the only question to be determined is whether this statute operates to remove the defense of governmental immunity from the board of education and to impose on it a direct liability to the plaintiff. The answer to this is clear from the wording of the statute.

If the General Assembly had intended to remove the defense of governmental immunity from the board of education, it would have been a very simple matter to have said so directly, unequivocally, and in a very few words. No such statute as this would have been required. See, for example, General Statutes § 675. Obviously, the General Assembly felt that a school teacher should be held harmless from the burden of paying damages for certain acts of civil misconduct on his part and that this burden should be transferred to the taxpayers. *Maitland* v. *Thompson,* 129 Conn. 186, 190. This legislative objective could not be attained by merely abolishing the defense of governmental immunity on the part of the board of education for at least two reasons. In the first place, a teacher would still remain liable for his personal torts. Secondly, a teacher would still remain liable to reimburse the board of education for any money it had to pay a third person, under the rule of respondeat superior, for the teacher's personal torts. *Stulginski* v. *Cizauskas,* 125 Conn. 293, 296.

These considerations make it clear that the purpose of the statute was not to abolish the defense of governmental immunity on the part of the board of education but to protect and save harmless the teacher from loss by reason of certain acts of civil misconduct on his part. This is in accordance with the expressed intent of the statute, with which, alone, we are concerned. The actual intent of the General Assembly is, of course, immaterial even if it were ascertainable. *Lee Bros. Furniture Co.* v. *Cram,* 63 Conn. 433, 438.

There is nothing in the statute which does, or purports to, impose on the board of education direct liability to this plaintiff, whether under the theory of respondeat superior, abolition of defense of governmental immunity, or otherwise. On the contrary, the statute provides, where applicable, that Coombs be protected and saved harmless from loss or expense consequent upon certain enumerated types of civil misconduct on his part. The plaintiff's rights of action are unaffected by the enactment of the statute. And unless, and until, Coombs has sustained a loss, Coombs's right of action under the statute against the board of education does not arise. The statute clearly provides for indemnification from loss, not indemnification from liability. Cf. *Shea* v. *United States Fidelity & Guaranty Co.,* 98 Conn. 447, 451; General Statutes § 6191; *Bartlett* v. *Travelers Ins. Co.,* 117 Conn. 147, 153; General Statutes §§ 674, 680.

The vital point is that the statute has no provision providing, at any time, even after judgment against Coombs, for any right of action in favor of the plaintiff. In other words, there is no language corresponding to that in our present § 6191. And as indicated in *Shea* v. *United States Fidelity & Guaranty Co,* supra, it is a benefit which could be realized only after judgment against Coombs,

and then probably only through a foreign attachment of the defendant board of education. *Seymour v. Over-River School District,* 53 Conn. 502, 509.

To avoid misunderstanding, it perhaps should be noted that the use of the word "expense" in the statute is equivocal and may perhaps require the board of education to supply legal counsel to a teacher who is sued without his first actually having to employ and pay an attorney. But even if this be a proper construction of this statute, it would not benefit this plaintiff. He is not concerned with the payment of the defendant Coombs's attorneys' fees or other litigation expenses. The plaintiff is concerned with the board of education's liability, if any, to respond to a judgment based on an assault and battery by Coombs which, although performed in the course and scope of his authority as a principal, was not done at the direction or order of the board of education. For this, as previously pointed out, the board of education is liable, if at all, only to reimburse Coombs for whatever he may have to pay in the form of a judgment.

In fairness to the plaintiff, the court is not accepting his oral disclaimer of a relationship of respondeat superior between Coombs and the board of education. Such a disclaimer was obviously an inadvertence. Under the express terms of its proviso, the statute is inapplicable unless the act of the teacher occurred in the discharge of his duties within the scope of his employment. This would be so even if the statute had stripped the board of education of the defense of governmental immunity. This the plaintiff recognized in amending his complaint to allege that Coombs's act was in the discharge of his duties within the scope of his employment. *Seymour v. Over-River School District,* supra; *Sibley v. State,* 89 Conn. 682, 685.

Cases from other jurisdictions, as a rule, are not helpful as precedents, since variations in the wording of statutes having generally similar objectives lead to correspondingly variant interpretations. Cases involving the general question of the tort liability of schools are collected in an annotation in 160 A.L.R. On page 93 of that annotation, a New York statute is referred to which is very similar to our statute in its basic wording. It purports to save harmless and protect from "financial loss" school teachers, under certain conditions. It does not make use of the word "expense," as does our statute. This New York statute has been construed as a statute of indemnification against loss and, so, as not authorizing an action to be brought directly against a board of education. Ibid.

The plaintiff places reliance on General Statutes § 7825, as authorizing such a joinder as this. In so doing, he confounds problems of joinder of parties or causes of action, on the one hand, with the problem of stating a cause of action, on the other hand.

It is perfectly correct that the fact that Coombs's liability must first be established before there is any liability on the part of the board of education is no bar to a joinder. This is true in the ordinary tort case where the agent, as the actor, and the principal, under the rule of respondeat superior, are joined. Our present liberal rule as to joinder is carefully explained in *Viets* v. *Hartford,* 134 Conn. 428, 434. The point in the instant case is that the plaintiff has stated no cause of action against the board of education whether Coombs ultimately is, or is not, found liable. Although stating a good cause of action against Coombs, the plaintiff has stated none against the board of education. Coombs, not the plaintiff, may ultimately have a cause of action against the board of education, assuming he can prove the statute applicable.

This holding of course in nowise leaves the plaintiff without a remedy. His remedy against Coombs, as far as satisfying a judgment is concerned, is at least as efficacious as that of any other person who had suffered an assault and battery at Coombs's hands. General Statutes §§ 8112, 8114.

For the foregoing reasons the demurrer is sustained on the second ground.