SHIRLEY PASTOR *v.* CITY OF BRIDGEPORT ET AL.

SUPERIOR COURT     FAIRFIELD COUNTY     FILE No. 128978
AT BRIDGEPORT

Memorandum filed October 17, 1967

*Fain & Silver,* of Bridgeport, for the plaintiff.

*Goldstein & Peck,* of Bridgeport, for the defendants.

TEDESCO, J. The plaintiff, a sixth-grade student, was struck in the eye by a baseball, hit by the defendant John Barron, a teacher in the Bridgeport school system. The plaintiff, in the first count, sets forth a cause of action against the defendant Barron, and in the second count alleges a cause of action against the city of Bridgeport pursuant to

§ 7-465 of the General Statutes, requiring municipalities to pay sums of money which employees may be obliged to pay by reason of liability imposed upon such employees. The plaintiff also alleges a cause of action against the board of education pursuant to § 10-235, wherein the board of education will protect teachers from financial loss and expense arising out of employment by the board of education.

The defendants demur upon five grounds, mainly attacking the position of the plaintiff in her suit against the defendant Barron as a teacher and also as an employee of the city of Bridgeport. It can be said that the main thrust of this action is against Barron for his alleged "carelessness and negligence." If the board of education is to remain as party defendant, it can finally be determined if any liability attaches to the defendant Barron while he was "acting in the discharge of his duties within the scope of his employment and under the direction of . . . [the] board of education." General Statutes § 10-235. This latter statute concerns itself with the following: "[P]rotect and save harmless . . . any teacher . . . from financial loss and expense." It is true, by reason of this statute, § 10-235, that the board of education is not deprived of its defense of governmental immunity. The defense of governmental immunity is wholly inapplicable if, as in this case, a teacher is to be protected from financial loss. Since the action is not one directly against the board of education but merely to protect the teacher, the court sees no reason why the defendant board of education should not remain a party. To allow the defense of governmental immunity to be interposed in this case would deprive the defendant Barron and all other teachers of the very protection that the legislature intended to grant them by passing this act.

The fourth ground of the defendants' demurrer, namely, that the "plaintiff's complaint does not set forth a cause of action as to the City of Bridgeport because § 7-465 of the General Statutes does not apply to school teachers" is well taken. If the fourth ground of the defendants' demurrer is sustained, then the first, second and third ground of the defendants' demurrer must also be sustained, because all of them are concerned with § 7-465 of the General Statutes.

The sole question in the fourth ground of the demurrer is whether the defendant Barron, a teacher, is to be treated as an "employee" of the city of Bridgeport or to be treated as a "teacher" and, therefore, an employee of the board of education. Or, can the defendant Barron be sued both as a "city employee" and as a "teacher," as was done in this case? The defendants, in the fourth ground, demur to the complaint for the reason that the defendant Barron was sued both as a city employee and as a teacher.

An examination of the applicable statutes gives the answer to the question as to the exact employer of teacher Barron. Section 7-465 is included in chapter 113, "Municipal Employees," while § 10-235 is a section of chapter 170, entitled "Boards of Education." Section 10-220 (of chapter 170) provides that "boards of education . . . shall employ and dismiss . . . teachers." The Connecticut Supreme Court has decreed, in effect, that municipalities appropriate, and the board of education administers. *Fowler* v. *Enfield,* 138 Conn. 521, 532. Finally, local boards of education are not agents of the towns but creatures of the state. *Waterford* v. *Connecticut State Board of Education,* 148 Conn. 238, 245. Therefore, it can be concluded that teacher Barron is an employee of the board of education

and not a municipal employee, and that this case properly comes within the purview of § 10-235 and not § 7-465.

The demurrer of the defendants in its separate parts is sustained to the extent that the second count does not state a cause of action against the city of Bridgeport in that § 7-465 of the General Statutes does not apply to a school teacher. However, the first count and so much of the second count as pertains to the defendant Barron as a teacher do state a cause of action, and therefore the fifth count of the demurrer is overruled.