ANDREW E. PLASSE ET AL. *v.* BOARD OF EDUCATION OF THE TOWN OF GROTON ET AL.

SUPERIOR COURT      NEW LONDON COUNTY      FILE NO. 36395

Memorandum filed June 17, 1969

*Dupont, Pavetti & Dupont,* of New London, for the plaintiffs.

*Gordon, Muir & Fitzgerald,* of Hartford, for the defendant board of education of the town of Groton.

FITZGERALD, J. This is a joint action in which the minor plaintiff, Andrew E. Plasse, through his father, Paul E. Plasse, as next friend, seeks to recover damages for personal injuries sustained by him while participating in track events as a member of the varsity track team of Fitch Senior High School, a public high school in the town of Groton, on or about April 17, 1968, in a regularly scheduled track meet against Norwich Free Academy at the latter's field in Norwich; and in which the father of the minor plaintiff seeks reimbursement for medical expenses incurred in the treatment of his son's injuries and for loss of earnings by his son as a result of those injuries.

I

As drawn, the joint complaint is in three counts. The first count is that of the minor plaintiff against the defendants Daniel F. Zaneski and Carl Hanover in their capacities of track coaches in the employ of the defendant board of education of the town of Groton and while acting in the performance of their duties and within the scope of their employment as such coaches at the Fitch Senior High School, a public high school maintained by the defendant board. This count against these two defendants is in negligence in specified respects on the part of one or both of these defendants as track coaches. Under this count the minor plaintiff seeks a recovery of

damages for personal injuries against one or both of these defendants in their capacities as track coaches.

The second count is that of the father of the minor plaintiff against the defendants Zaneski and Hanover. Paragraphs 1 through 9 thereof incorporate by reference the subject of the corresponding paragraphs of the first count. It is under this count that the father seeks reimbursement from one or both of these two defendants for medical expenses incurred by him in the treatment of his son's injuries and for loss of wages suffered by his minor son.

The third count is that of both plaintiffs against the defendant board of education of the town of Groton. Paragraphs 1 through 9 of the first count and paragraphs 10 and 11 of the second count are incorporated therein by reference so as to constitute paragraphs 1 through 11 thereof. Closing paragraphs 12 and 13 thereof in substance allege that the defendants Zaneski and Hanover on and prior to April 17, 1968, "were employees of the defendant [board] . . . and as such employees acted in the performance of their duties and within the scope of their employment as Track Coach and Assistant Track Coach respectively of the varsity track team of said Fitch Senior High School" and that the plaintiffs "pursuant to § 10-235 of the General Statutes . . . made demand upon the defendant [board] . . . to indemnify and pay on behalf of the defendants [Zaneski and Hanover] all sums which the said defendants . . . or either or both of them are required and found obligated to pay . . . by reason of the liability imposed upon said defendants . . . for causing the injuries and damages hereinbefore set forth."

There is attached to the complaint a copy of what purports to be a letter of notice, dated September 19, 1968, of the episode of April 17, 1968, addressed

to the board of education of the town of Groton, stating the position taken against the defendant board by the plaintiffs, which attached copy indicates that the original of such letter was over the signed signature of Attorney Ralph P. Dupont, counsel for the plaintiffs. This letter is not referred to in the body of the complaint.

The defendant board of education demurs to the complaint on the broad ground that it fails to state any legal cause of action against it and, more specifically, that under the statute (§ 10-235) upon which the third count of the complaint against it is based, and on the authority of *Swainbank* v. *Coombs,* 19 Conn. Sup. 391, no direct liability runs from a board of education to a plaintiff in a tort action, and liability of such board, if any, is to reimburse such teacher or employee for judgments which might be rendered against such teacher or employee.

The pertinent provisions of the statute (§ 10-235) read: "Each board of education shall protect and save harmless . . . any teacher or other employee thereof or any member of its supervisory or administrative staff . . . from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence or other act resulting in accidental bodily injury to . . . any person, . . . provided such teacher, member or employee, at the time of the accident resulting in such injury, . . . was acting in the discharge of his duties within the scope of his employment . . . of such board of education."

The plaintiffs argue that the action stated in the third count against the defendant board seeks only to enforce the statutory responsibility of indemnification by making the board a party defendant only for that purpose and that the stated cause of action against the defendant board in the third count

does not in effect seek to enforce a direct claim against the board in derogation of its rights of governmental immunity at common law. They cite in support of their position *Pastor* v. *Bridgeport,* 27 Conn. Sup. 337, with particular reference to that part of the memorandum appearing in the middle and latter part of page 338.

As already pointed out, the defendant board of education in its demurrer to the third count of the complaint, which is directed against it, expressly invokes § 10-235 of the General Statutes and the reasoning and result reached on the demurrer of the defendant board of education in *Swainbank* v. *Coombs,* 19 Conn. Sup. 391. *Pastor* v. *Bridgeport,* supra, which also involved an interposed demurrer by a defendant board of education, relied upon by the plaintiffs at bar in resisting the pending demurrer of the defendant board to the third count of the complaint (and also relied upon by the defendant board in support of its demurrer), made no reference to the earlier decision of *Swainbank.* It may not have been called to the attention of the court in *Pastor,* or, if it was, it may not have been considered by the court as a worthy precedent. In passing upon the interposed demurrer in the case at bar, the court refers to, and unequivocally stands squarely upon, the analysis, reasoning and result reached in *Swainbank.* The statute (§ 7-465), considered by our Supreme Court in *Martyn* v. *Donlin,* 148 Conn. 27, 32, from which the plaintiffs appear to take some comfort, while concerned with a few aspects common to § 10-235 of the General Statutes, is not the statute involved in the present case and, in addition, includes provisions far beyond the scope of § 10-235 which are readily apparent upon a comparison of the two statutes.

In sustaining the demurrer of the defendant board of education of the town of Groton to the subject

of the third count of the complaint directed against it, the court paraphrases a conclusionary statement in *Swainbank* (p. 398): Although stating a good cause of action against Zaneski and/or Hanover, the plaintiffs have stated none against the board of education. Zaneski and/or Hanover, not the plaintiffs, may ultimately have a cause of action against the board of education.

As stated in an earlier part of the memorandum in *Swainbank* (p. 396): "The statute [§ 10-235] clearly provides for indemnification from loss, not indemnification from liability." Moreover, it may be noted in passing that the prefatory wording to § 10-235 is "Protection of teachers, employees and board and commission members in damage suits", whereas the prefatory wording to § 7-465 is "Assumption of liability for damage caused by employees."

The interposed demurrer of the defendant board of education of the town of Groton to the third count of the complaint is required to be, and is, sustained.

## II

The plaintiff father has moved to amend the ad damnum clause of the third count as to him so far as it relates to the defendant board. In view of the result reached in a consideration of the demurrer filed by that defendant in respect to that count, it would appear that the motion to amend no longer has any standing. Hence it is not acted upon one way or the other.

Dispositions as stated.