[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE (#125)
This is an action to recover for personal injuries arising out of an alleged assault which it is claimed occurred in the cafeteria of Southington High School. The claim is that plaintiff, a student at such school, was assaulted by another student. The complaint purports to set forth plaintiff's claim in fourteen counts. Count six, nine and twelve are directed against defendant Thomas O'Neill, acting principal of the school. Count seven, eight ten and eleven are directed against the Southington Board of Education. Count thirteen and fourteen are directed against the Town of Southington. These defendants have moved to strike the counts directed against them claiming that such counts are defective in law.
A motion to strike is the means for contesting the sufficiency of a complaint. Conn. Practice Bk. 152; Mingachos v. CBS, Inc., 196 Conn. 91, 108 (1985). It tests whether a court that already has subject matter jurisdiction over an action can properly grant relief. Progressive Casualty Ins. Co. v. DiGangi, 4 Conn. App. 137, 139 (1985). The motion to strike "admits all facts well pleaded;" Mingachos, 196 Conn. at 108; and the court, when considering the motion, construes the pleading "in the manner most favorable to the pleader." D'Ulisse-Cupo v. Board of Directors of Notre Dame High School,202 Conn. 206, 208 (1986). The court takes as true the facts alleged in the pleading sought to be stricken; D'Ulisse-Cupo,202 Conn. at 208; and if provable, factual allegations in the challenged pleading "would support a defense or cause of action, the . . . [motion to strike] must fail." Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
The motion to strike counts six, nine and twelve, directed against defendant O'Neill, is based upon a claim that Mr. O'Neill is immune from liability for activities falling within CT Page 1114 the scope of his duties as acting principal.
Teachers and principals of public schools do not have the of a public officer in the performance of their discretionary duties. Sansone v. Pechtel, 180 Conn. 96, 98; Swainbark v. Combs, 19 Conn. Sup. 391. In Sansone the supreme court stated that teachers are not officers in the ordinary sense of the word but are employees of the board of education and not entitled to assert the governmental immunity that extends to public officers. In Swainbark, it was decided that the above rule applied to a principal.
In view of the law, as stated in the above cases, it must be found that plaintiff has pleaded a valid cause of action against defendant O'Neill and the motion to strike the counts against him cannot be granted.
Counts 7, 8, 10 and 14 are directed against defendant Board of Education. The Board has moved to strike these counts on the basis of governmental immunity.
Count seven, in paragraph 12, purports to set forth a claim for liability on the part of defendant Board for damages caused by defendant O'Neill pursuant to General Statutes 10-235. Section 10-235 entitled "Indemnification of teachers, board members and employees in damage suits; expenses of litigation," does not impose any direct liability on the Board of Education. As the title implies, the statute requires the Board to protect I and save harmless any teacher or other employee from financial loss. The statute creates no direct liability from the plaintiffs to the Board of Education. The only liability imposed is for the Board to reimburse the employee for judgments which might be rendered against the employee. See, Swainbark v. Coombs, supra and Plasse v. Board of Education,28 Conn. Sup. 198.
Count seven as noted, fails to set forth a legal cause of action.
The eighth and tenth count both allege negligence on the part of defendant Board.
In providing education, the local board is acting in a governmental, not a proprietary capacity. Mitchell v. King,169 Conn. 140, 146. For this reason, defendant Board has a qualified immunity from liability. If the acts are discretionary, the immunity would apply. On the otherhand, if the acts are ministered, then liability could be imposed if negligence as alleged were found. CT Page 1115
Whether the acts complained of are discretionary or ministered is a question of fact. The issue before the court is, construing the allegations in the manner most favorable to the pleader, could plaintiffs prove negligent ministerial acts resulting in damages.
In determining whether a pleading sufficiently states a cause of action, the facts alleged are viewed in a broad fashion, not strictly limited to the allegations, but also including the facts necessarily implied by and fairly provable under them. Schmidt v. Yardney Electric Corporation, 4 Conn. App. 69,74.
In view of the law, as above stated, it must be found that the allegations of counts eight and ten are sufficient and the motion to strike should not be granted.
In count eleven, liability is predicated on General Statutes 10-235. Liability under this statute has previously been discussed. The statute covers indemnification and does not create liability which will support a cause of action against defendant Board.
Count eleven is defective in law and must be stricken. Counts thirteen and fourteen are directed against the Town of Southington.
Count thirteen bases liability on General Statutes 7-465. This section, like 10-235, previously covered, does not foist liability on to a municipal employer but makes the employer liable for sums which the employee might become liable to pay. This statute does not provide the legal basis for an action against the town. Plasse v. Board of Education, 28 Conn. Sup. 198.
For this reason, the motion must be granted as to count thirteen.
The fourteenth count rests upon a claim that defendant O'Neill, his agent, servants and/or employees were agents, servants and/or are employees of the Town of Southington. The law is clear, however, that teachers and school administrators are not employees of the town but of the board of education. Sansone v. Bechtel, supra. The Board of Education is a quaisi state agent operating under the general statutes. There is nothing in the complaint to indicate that defendant O'Neill, or any of his subordinates, were performing municipal duties or were anything other than employees of the Board of Education. CT Page 1116
The fourteenth count is defective in law and must be stricken.
Accordingly, the motion to strike is granted as to counts 7, 11, 13 and 14 and denied as to the remaining counts.
PURTILL, J.