[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff instituted the present action seeking to recover damages for personal injuries when his finger was caught in a closing door. The defendants have filed a motion for summary judgment with respect to various counts as follows:
Defendant Fulton, a custodian at the school at which the plaintiff has claimed to have been injured, claims that he is immune from liability because of the doctrine of governmental immunity. A question of fact exists as to the nature of the accident involved and the defendant has not demonstrated that such acts are clearly discretionary in nature.
Accordingly, the motion to strike the First Count is denied.
The defendant also moves for a summary judgment within respect to the Second Count of the complaint on the grounds that the notice directed to the Board of Education pursuant to General Statutes7-465 was not complied with because the notice was sent to a person other than the municipality. The statute requires that no action can be maintained unless a notice "has been filed with the clerk of such municipality within six months after the cause of action has accrued." The documents before the court indicate that the clerk acknowledged the existence of the document and therefore it was presumably on file within the six month period referred to in the CT Page 3558 statute. Accordingly, the motion for summary judgment with respect to the Second Count of the Complaint is denied.
The defendant also moves for a summary judgment with respect to the Third Count against the Board of Education on the ground that General Statutes 10-235 does not provide a direct right of action against the Board. The plaintiff claims that a question of fact exists with respect to such claims. General Statutes 10-235
provides that the Board of Education shall protect and save harmless employees from financial loss and expense arising out of a claim of negligence resulting in bodily injury. The statute, therefore, provides indemnification once the loss is sustained and its terms do not provide for a direct action against the Board of Education. See, Swain Bank v. Coombs, 19 Conn. Sup. 391, 396
(1955); Plasse v. Board of Education, 28 Conn. Sup. 198, 202
(1969). Accordingly, the motion to strike the Third Count of the Complaint is granted.
The plaintiff also seeks a summary judgment with respect to the Fourth Count of the Complaint but the memorandum does not assign a basis therefore. Accordingly, the motion for summary judgment with respect to the Fourth Count is denied.
Accordingly, a judgment may enter in favor of the defendant Board of Education with respect to the Third Count; the remainder of the defendant's motion for summary judgment is denied.
RUSH, JUDGE