[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed August 8, 1997
FACTUAL BACKGROUND
On October 25, 1994, the plaintiff James Stultz filed an eleven count complaint against the defendants arising out of an CT Page 8204 alleged assault on the plaintiff by defendant Robert A. LaRosa (LaRosa) that occurred at E.O. Smith School in Mansfield, Connecticut while both were students at the high school. By way of a second revised complaint, filed May 13, 1997, the plaintiff alleges that on or about October 23, 1992, LaRosa assaulted and intentionally beat the plaintiff about the head, face, ribs and stomach on school grounds, causing various injuries. The first four counts are directed toward defendant LaRosa, who has been defaulted for failure to appear and against whom judgment has entered.
Count five alleges that the defendant Mark Winzler (Winzler), the school principal, was an agent of the Region 19 Board of Education (Board of Education) and/or the Town of Mansfield (Mansfield) and was negligent for failing to exercise proper supervision. Count six alleges defendant Cory Kupferschmid (Kupferschmid) was an assistant advisor at the school who witnessed the assault and was negligent in failing to protect the plaintiff. Count seven alleges defendant Charles Leavens (Leavens) was an employee of the school who was notified by the plaintiff that defendant Larosa had threatened the plaintiff and was negligent in failing to protect the plaintiff from physical harm. Count eight asserts defendant Town of Mansfield is liable for the obligations of defendants Winzler, Kupferschmid and/or Leavens, pursuant to General Statutes § 7-101a(d). Count nine asserts the Town of Mansfield is liable for the negligence of defendants Winzler, Kupferschmid and/or Leavens, pursuant to General Statutes § 52-557n. Count ten alleges defendant Gordon Schimmel (Schimmel), superintendent of the school, and/or defendant board of education are liable for the obligations of defendants Winzler, Kupferschmid and/or Leavens, pursuant to General Statutes § 10-235. Count eleven alleges the defendants Schimmel and/or board of education are liable for the negligence of the defendants Winzler, Kupferschmid and/or Leavens.
On May 27, 1997, the defendants Winzler, Kupferschmid, Leavens, Schimmel, Mansfield and the board of education (the defendants) filed a motion to strike and supporting memorandum. The defendants move to strike counts ten and eleven on the ground that Schimmel and the board of education are entitled to sovereign immunity. The defendants also move to strike count ten on the ground that General Statutes § 10-235 does not provide for a direct cause of action against a board of education. In addition, the defendants move to strike counts five through CT Page 8205 eleven on the ground that the defendants are entitled to governmental immunity. The plaintiff filed a memorandum in opposition on July 1, 1997.
STANDARD
The purpose of a motion to strike is to contest the legal sufficiency of the allegations of a complaint to state a claim upon which relief can be granted. Novametrix Medical Systems,Inc. v. BOC Group, Inc., 224 Conn. 210, 214-15, 618 A.2d 25
(1992). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe those facts most favorably to the plaintiff." (Internal quotations marks omitted.) Id., 215. "If facts provable in the complaint would support a cause of action, the motion to strike must be denied." S.M.S. Textile Mills, Inc. v. Brown, Jacobson,Tillinghast, Lahan and King, P.C., 32 Conn. App. 786, 796,631 A.2d 340, cert. denied, 228 Conn. 903 (1993). The issues of governmental and sovereign immunity may be raised in a motion to strike. See Heigl v. Board of Education, 218 Conn. 1, 3,587 A.2d 423 (1991).
DISCUSSION
I. Sovereign Immunity — Counts Ten and Eleven
The defendants move to strike counts ten and eleven, which allege Schimmel and/or the board of education are liable for the obligations and negligence of their employees. The defendants argue that Schimmel and the board of education were acting as agents of the state and therefore are entitled to sovereign immunity. The plaintiff counters that the defendants were acting as municipal employees, for which sovereign immunity does not exist.
"A town board of education can be an agent of the state for some purposes and an agent of the municipality for others."Heigl v. Board of Education, supra, 218 Conn. 3-4. "In determining whether a local school board is afforded the protections consistent with the doctrine of sovereign immunity, the courts look to whether the suit would operate to control or interfere with the activities of the state." (Internal quotation marks omitted.) R.A. Civitello Co. v. New Haven,6 Conn. App. 212, 218, 504 A.2d 542 (1986). The Connecticut Supreme Court "has recognized that the state, in the exercise of its policy to CT Page 8206 maintain good public schools, has delegated important duties in that field to the towns . . . General Statutes § 10-240 provides, in part: Each town shall through its board of education maintain the control of all the public schools within its limits. Local boards of education act on behalf of the municipality, then, in their function of maintaining control over the public schools within the municipality's limits." (Citations omitted; internal quotation marks omitted.) Cheshire v. McKenney,182 Conn. 253, 258-59, 438 A.2d 88 (1980).
Accordingly, this court concludes that the state has delegated the role of maintaining control over E.O. Smith School to Mansfield through the board of education. Hence, the defendants were acting as municipal employees in their role of maintaining control over the students and the school. Cheshirev. McKenney, supra, 182 Conn. 258-59. As municipal employees, the defendants are not protected by the doctrine of sovereign immunity. Id., 259-60.
Accordingly, the defendants' motion to strike counts ten and eleven on the ground of sovereign immunity is denied on the basis that the defendants were acting as municipal employees in their role of maintaining control over the students.
II. Direct Cause of Action — Count Ten
Count ten of the complaint claims that pursuant to General Statute § 10-235, defendants Schimmel and/or the board of education must pay on behalf of defendants Winzler, Kupferschmid and/or Leavens all sums which any of those three employees becomes obligated to pay the plaintiff. General Statutes §10-235, entitled Indemnification of teachers, board members, employees and certain volunteers and students in damages suits; expenses of litigation, provides, in relevant part: "Each board of education shall protect and save harmless any member of such board or any teacher . . . from financial loss and expense, including legal fees and costs . . . arising out of any claim, demand, suit or judgment by reason of alleged negligence . . . provided such teacher . . . was acting in the discharge of his or her duties. . . ." The defendants argue that this statute does not provide a direct cause of action for the plaintiffs, but is a right of indemnification for the employees. The plaintiff counters that because his claims against the board of education arise out of claims alleged against the employees of the board of education, the claim is legally sufficient. CT Page 8207
The issue of whether this statute provides a direct cause of action for the plaintiff has not been resolved by the Appellate or Supreme Court. Some of the superior courts have concluded that the statute does not provide a direct cause of action. "The statute provides for indemnification from loss and not from liability and where there is an indemnification only from loss under common law principles any benefit arises only when a judgment is rendered against the person protected by indemnification rights. . . . This is a statutorily created right of indemnification created for the benefit of teachers and other employees of a board of education; prospective plaintiffs could not be said to be parties to any indemnification agreement and there was no attempt under the statute to benefit them." Parsonsv. West Hartford Board of Education, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 533484 (September 16, 1994, Corradino, J.) (13 CONN. L. RPTR. 52);Stiffler v. Norwalk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145373 (March 18, 1996, Tobin, J.) (16 CONN. L. RPTR. 275) (statute does not provide a direct cause of action); Little v. Booth, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 149525, 10 CONN. L. RPTR. 290 (October 28, 1993, Dunn, J.) (statute does not provide a direct cause of action for the plaintiff, but remains available to the defendants to seek indemnification); Carrington v. Sullivan, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 359778 (January 29, 1991, Hennessey, J.) (3 CONN. L. RPTR. 232). Other courts have held to the contrary. "There is clearly a split of authority in the Superior Court regarding whether General Statutes § 10-235 provides a plaintiff with a direct cause of action against a board of education. . . . This court will continue with the same reasoning set forth inArvoy v. Stamford . . . until and unless it is reversed by an appellate tribunal." Nowinski v. Greenwich, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 0111420 (March 16, 1994, Lewis, J.); Arvoy v. Stamford, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 89892, 2 CONN. L. RPTR. 317 (August 21, 1990, Lewis, J.) (General Statutes §§ 7-465 and 10-235
provide immunity for municipal employees and teachers, creating an exception to the doctrine of governmental immunity for a board of education). "Section 10-235 permits a direct cause of action. . . . This section was enacted by the legislature to make indemnification available to a board of education employee for losses sustained from claims or suits for damages." Rosen v.CT Page 8208Reale, Superior Court, judicial district of New London at New London, Docket No. 527510 (January 13, 1994, Hurley, J.) (9 CSCR 176). See also Pastor v. Bridgeport,27 Conn. Sup. 337, 338, 238 A.2d 43 (1967) ("Since the action is not one directly against the board of education but merely to protect the teacher, the court sees no reason why the defendant board of education should not remain a party.") Judge Corradino noted that this case did not give much reasoning for its decision. Parsonsv. West Hartford Board of Education, supra, Superior Court, Docket No. 533484.
Claiming General Statutes § 7-465 is virtually identical to General Statutes § 10-235, the plaintiff contends thatKaye v. Manchester, 20 Conn. App. 439, 443, 568 A.2d 459 (1990) is persuasive authority that the indemnification claim against Schimmel and/or the board of education is legally sufficient. In that case, the plaintiff sued only the town and the board of education pursuant to General Statutes § 7-465. The Appellate Court stated that to comport with the statute, the plaintiff had to bring a claim against the individual employee as well. Id.
While both statutes protect employees from having to pay damages and legal costs incurred from negligence awards imposed against the employees, General Statutes § 7-465 provides for a direct cause of action, while General Statutes § 10-235 does not.[1] See Parsons v. Board of Education, supra, Superior Court, Docket No. 533484, in which Judge Corradino states: "[General Statutes] § 7-465 . . . explicitly provides for an action against the board and its employee jointly."
This court agrees with the reasoning of Parsons v. Board ofEducation and finds that General Statutes § 10-235 does not provide a direct cause of action for the plaintiff against Schimmel and/or the board of education, but provides a right of indemnification for the individual teachers. Parsons v. WestHartford Board of Education, supra, Superior Court, Docket No. 533484.
Accordingly, the defendants' motion to strike count ten is granted, on the ground that, since General Statutes § 10-235
does not provide a direct cause of action, the plaintiff has failed to state a claim upon which relief can be granted.
III. Governmental Immunity — Counts-Five through Eleven
The defendants move to strike counts five through eleven on CT Page 8209 the ground that the defendants Winzler, Kupferschmid and/or Leavens were acting in a discretionary manner and therefore are protected from liability by governmental immunity. The plaintiff argues that governmental immunity for discretionary acts is a qualified immunity, with an exception for circumstances in which the employee's failure to act subjects an identifiable person to imminent harm. The plaintiff further argues that this exception applies in the present matter and the allegations in counts five through eleven state a claim upon which relief can be granted.
"A municipal employee . . . may be liable if he misperforms a ministerial act. . . . The word ministerial refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion." (Internal quotation marks omitted.) Burns v. Board of Education, 228 Conn. 640, 645,638 A.2d 1 (1994). "A municipal employee has a qualified immunity in the performance of a governmental duty . . . ." Id. "Governmental acts are performed wholly for the direct benefit of the public and are supervisory or discretionary in nature." Heigl v. Boardof Education, supra, 218 Conn. 5. In Heigl v. Board ofEducation, the decedent high school student's parents sued the board of education for injuries resulting from the decedent's death in an automobile accident that occurred during the school day after the decedent left school pursuant to an open campus policy. Id., 2. The Connecticut Supreme Court held that the act of promulgating a policy was a discretionary activity. Id., 5. In addition, the court stated that in establishing the policy, the board of education had "affected every member of the student population in New Canaan High School in the same manner. There is no suggestion that the decedent was singled out by the policy. Thus, the board was acting for the public benefit and was not discharging an affirmative duty toward an identifiable individual student. As a result, any action by the board in this regard was discretionary and therefore protected from liability." Id., 8.
In Burns v. Board of Education, supra, 228 Conn. 642, the plaintiffs, a high school student who fell on ice on school grounds, and his mother, sued the superintendent of schools, the board of education and the city of Stamford for the negligent maintenance of school grounds. The court observed that the plaintiffs had acknowledged "that any duty owed by the defendant superintendent to the plaintiff child was discretionary in nature. To succeed in their claim of liability, therefore, they must be entitled to recover within one of the exceptions to a municipal employee's qualified immunity for discretionary acts." CT Page 8210Id., 645. The court noted that the relevant exception in the case was "where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm." Id., 645.
In deciding if the plaintiff child fell into the identifiable person category, the court considered the imminency of potential harm, the likelihood that harm will result from a failure to act with reasonable care, the identifiability of the particular victim, whether the relationship was voluntary and the seriousness of the injury threatened. Id., 647. The court found that the plaintiff child was mandated to be at school, that statutes require the school board to maintain and care for school property and that while he was at school, the plaintiff child was an intended beneficiary of certain duties of care from the defendant. Id., 648. Therefore, the court found, the plaintiff child was in a class of foreseeable victims the superintendent had a duty to protect from imminent harm. Id., 649. The court then made a finding that the icy conditions constituted an imminent harm. "[T]his accident could not have occurred at any time in the future; rather, the danger was limited to the duration of the temporary icy condition in this particularly treacherous area of the campus. Further, the potential for harm from a fall on ice was significant and foreseeable." Id., 650.
In the present case, the plaintiff alleges he was an identifiable victim subject to imminent harm. In counts five through eleven, the plaintiff alleges that defendants Winzler, Kupferschmid and Leavens knew or should have known that defendant LaRosa was a troublemaker and/or had behavior problems. In addition, in count five and counts seven through eleven, the plaintiff alleges that the plaintiff had reported threats he had received from defendant LaRosa to school personnel. Count six and counts eight through eleven allege that one of the defendants witnessed the assault without exercising control. The defendant relies on Heigl v. Board of Education, supra, 218 Conn. 8, however, for the proposition that the defendants did not owe a duty to the plaintiff, because no "law has ever stated that a board of education has a specific duty to supervise high school students. Even if such a duty exists, actions pursuant to such a duty are discretionary if they are performed wholly for the direct benefit of the public." (Internal quotation marks omitted.) Id.
This court finds that when viewed in a light most favorable CT Page 8211 to the plaintiff, the facts sufficiently establish that the plaintiff was an identifiable victim for whom harm was foreseeable. The plaintiff was mandated to be at school, he received direct threats from a particular individual and he told the staff about the threats.
The remaining question is whether the plaintiff has sufficiently pleaded that he was subject to imminent harm. InPurzycki v. Fairfield, 44 Conn. App. 359, 366, 689 A.2d 504, cert. granted, 240 Conn. 926 (1997), the Appellate Court found that an elementary school student was an identifiable victim for whom harm was foreseeable when the class was unattended while moving from the cafeteria to the play ground for recess. But, the court said, "there is not evidence that [the plaintiff] in traveling the brief distance . . . to the play ground was in imminent harm." Id. "Unlike Burns, where the icy condition alone created a risk of imminent harm, the lack of supervision claimed here, standing alone, did not create such risk. A combination of the lack of supervision, [the plaintiff's] own conduct and the conduct of another student caused the injuries. While it may have been foreseeable that [the plaintiff] might run in the hallway, any risk of harm that did exist required a confluence of events and did not rise to the level of imminence necessary to overcome the defendants' immunity." Id. See alsoEvon v. Andrews, 211 Conn. 501, 508, 559 A.2d 1311 (1989), in which the court held that the city fire official's failure to reasonably inspect the decedent's dwelling did not subject the decedent to imminent harm. "[T]he fire could have occurred at any future time or not at all." Id.
The plaintiff argues that the circumstances in this case are comparable to those in Burns v. Board of Education, supra,228 Conn. 650. The plaintiffs contend that defendant LaRosa had threatened the plaintiff and the defendants were aware of the threat. The defendants knew defendant LaRosa was a threat to all of the students. The means of harm were known to the defendants.
Construing the facts in a light most favorable to the plaintiff, this court finds that the facts sufficiently state a claim that the defendants Winzler, Kupferschmid and/or Leavens, knew or should have known that defendant LaRosa had threatened the plaintiff and were in circumstances in which it was apparent that their failure to act would likely subject the plaintiff to imminent harm. Burns v. Board of Education, supra,228 Conn. 646. Unlike the situation in Purzycki v. Fairfield, supra,
CT Page 821244 Conn. App. 366, there is no allegation that this plaintiff created the circumstances that led to his harm.
Accordingly, the defendants' motion to strike counts five through nine and count eleven on the ground of governmental immunity is denied as the plaintiff has sufficiently alleged facts creating an identifiable victim imminent harm exception to the immunity.
SUMMARY
The defendants' motion to strike (a) counts ten and eleven on the ground of sovereign immunity is denied, (b) count ten on lack of a direct cause of action is granted and (c) counts five through nine and count eleven on the ground of governmental immunity is denied.
KLACZAK, J.