## JEANETTE LOGAN ET AL. *v.* CITY OF NEW HAVEN ET AL.

Superior Court, Judicial District of New Haven
File No. CV-04-4002762S

Memorandum filed February 8, 2005

*Donald G. Walsh*, for the plaintiffs.

*Corporation counsel of the city of New Haven*, for the defendants.

BLUE, J. General Statutes § 10-235 (a) provides that under certain circumstances, boards of education "shall protect and save harmless" their employees for expenses arising out of negligence actions. The question presented by the motion to strike now before the court, is whether this statute creates a direct cause of action allowing a person allegedly injured by a negligent employee of a board of education to sue the board directly. For the reasons briefly stated, the answer to this question is no.

The amended complaint consists of six counts. The first count alleges that on September 17, 2002, Terrance Logan (Terrance), the minor plaintiff, was a student at the Sheridan Academy for Excellence (academy) in New Haven. Robert Cannelli, the individual defendant,

was the principal of the academy and an employee of the defendant New Haven board of education (board). According to the first count, "Cannelli assaulted and battered the minor plaintiff by lifting the minor plaintiff up off the ground and shoving him against a locker." In the first count, Terrance alleges assault against Cannelli, claiming that "Cannelli negligently and carelessly caused the minor plaintiff to collide with a locker." The third count, directed solely against the board, states: "The Defendant City of New Haven Board of Education shall protect and save harmless the Defendant Cannelli pursuant to § 10-235 of the Connecticut General Statutes." The fourth count is brought by Jeanette Logan, the named adult plaintiff and mother of Terrance. The fourth count alleges that Jeanette Logan was forced to expend certain money as a result of Cannelli's "willful and/or malicious conduct." The fifth count, also brought by Jeanette Logan against Cannelli, alleges that she was forced to expend certain money as a result of Cannelli's "carelessness and negligence." The sixth count, brought by Jeanette Logan against the board, incorporates the statutory allegation set forth in the third count and states: "As a result of the Defendant's carelessness and negligence the plaintiff mother was forced to expend money on [X rays], and medical care for her son and may be forced to expend further sums in the future."

In September, 2004, the plaintiffs commenced the present action by service of process. The defendants are Cannelli, the board and the city of New Haven. On December 10, 2004, the city and the board filed the motion to strike now before the court. The motion seeks to strike the third and sixth counts, arguing that "Connecticut General Statute[s] § 10-235 is an indemnification statute as a matter of law and does not create a direct cause of action against the Board of Education." The motion was argued on February 7, 2005.

Section 10-235 (a) provides in relevant part: "Each board of education shall protect and save harmless any . . . employee thereof . . . from financial loss and expense . . . arising out of any claim, demand, suit or judgment by reason of alleged negligence or other act resulting in accidental bodily injury to or death of any person . . . which acts are not wanton, reckless or malicious, provided such . . . employee, at the time of the acts resulting in such injury . . . was acting in the discharge of his or her duties or within the scope of employment . . . ."

Although the quoted statute was originally enacted (in more succinct form) in 1945; General Statutes (1945 Sup.) § 234h; the question of whether it operates to create a direct cause of action against boards of education has never been decided by our appellate courts. A few published Superior Court opinions have considered the subject, but only two are worth talking about, and both of them are several decades old. In *Swainbank* v. *Coombs*, 19 Conn. Sup. 391, 395, 115 A.2d 468 (1955), Judge (later Chief Justice) King held that the answer to the question presented "is clear from the wording of the statute." Id. He explained: "There is nothing in the statute which does, or imports to, impose on the board of education direct liability to this plaintiff, whether under the theory of respondeat superior, abolition of defense of governmental immunity, or otherwise. On the contrary, the statute provides, where applicable, that [the individual defendant] be protected and saved harmless from loss or expense consequent upon certain enumerated types of civil misconduct on his part. The plaintiff's rights of action are unaffected by the enactment of the statute. And unless, and until, [the individual defendant] has sustained a loss, [the individual defendant's] right of action under the statute against the board of education does not arise. The statute clearly provides for indemnification from loss, not indemnification from liability." Id., 396; accord *Plasse* v. *Board*

*of Education*, 28 Conn. Sup. 198, 256 A.2d 519 (1969) (adopting *Swainbank*'s reasoning).

One dozen years after *Swainbank*, in *Pastor* v. *Bridgeport*, 27 Conn. Sup. 337, 338, 238 A.2d 43 (1967), Judge Tedesco allowed a board of education to "remain a party" in a similar lawsuit. He reasoned, rather succinctly: "Since the action is not one directly against the board of education but merely to protect the teacher, the court sees no reason why the defendant board of education should not remain a party." Id. *Swainbank* was not cited.

After a thorough consideration of the issue, I conclude that Judge King had the better of this argument in his opinion in *Swainbank*. The statute is clear on its face that it provides for indemnification, not liability. As Judge King points out; *Swainbank* v. *Coombs*, supra, 19 Conn. Sup. 396; the statute's wording stands in contrast to that of our direct action insurance statute, General Statutes § 38a-321, which expressly provides that under certain circumstances, an insurer shall "become absolutely liable . . . ." *Swainbank* points out that this distinction accords with the reasoning of our Supreme Court in *Shea* v. *United States Fidelity & Guaranty Co.*, 98 Conn. 447, 452, 120 A. 286 (1923), in distinguishing between contracts "of indemnity against loss" and those "against liability . . . ." *Swainbank* v. *Coombs*, supra, 396. The holding of *Swainbank* is also in accord with the rulings of the appellate courts of sister states construing similar statutes. See *Thompson* v. *Board of Education*, 11 N.J. 207, 210, 94 A.2d 206 (1953); *Massimilian* v. *Board of Education*, 261 App. Div. 428, 431, 25 N.Y.S.2d 978 (1941); *Hamlin* v. *Transcon Lines*, 697 P.2d 606, 614 (Wyo. 1985).

The motion to strike filed by the defendants, the board and the city, is, therefore, granted.