******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

RICKY E. COSTA ET AL. *v.* PLAINVILLE BOARD OF
EDUCATION ET AL.
(AC 39204)

DiPentima, C. J., and Prescott and Flynn, Js.

*Syllabus*

The plaintiffs, M and her son R, sought to recover damages for negligence
from the defendants, the town of Plainville, its board of education, and
the town's high school principal. R, who was a high school student,
sustained injuries during a basketball game at a school sponsored picnic,
which was held during regular school hours at a facility off campus.
The plaintiffs alleged that at the time of R's injury, no school personnel
were present at or supervising the basketball court where the injury
occurred. The trial court granted the defendants' motion for summary
judgment on all counts of the plaintiffs' amended complaint on the
ground of governmental immunity, concluding that the alleged conduct
of the defendants involved a discretionary duty pursuant to statute (§ 52-
557n [a] [2] [B]). The plaintiffs appealed to this court claiming that
summary judgment was improper because issues of material fact existed
as to whether the defendants were entitled to immunity because their
alleged acts and omissions were ministerial in nature and as to whether
the identifiable person-imminent harm exception to governmental immu-
nity applied. *Held* that the trial court properly rendered summary judg-
ment in favor of the defendants as there was no genuine issue of material
fact that the defendants were entitled to governmental immunity:
although the plaintiffs suggested that the defendants' duty to supervise
students during school sanctioned events such as the picnic was ministe-
rial, the general safety guidelines and school board policies on which
the plaintiffs relied did not constitute a clear directive that negated the
need for the defendants to exercise judgment and discretion in providing
adequate supervision; furthermore, the plaintiffs failed to demonstrate
that R was an identifiable person for the purposes of the identifiable
person-imminent harm exception to discretionary act immunity, as
although schoolchildren who are on school property during school hours
constitute a narrow, identifiable class of foreseeable victims, school-
children who voluntarily participate in nonmandatory school sponsored
activities do not fall within that identifiable class, and here, R was neither
required to attend the picnic nor to participate in the basketball game
during which he was injured.

Argued May 18—officially released August 15, 2017

*Procedural History*

Action to recover damages for personal injuries sus-
tained by the named plaintiff as a result of the defen-
dants' alleged negligence, brought to the Superior Court
in the judicial district of New Britain, where the court,
*Hon. Joseph M. Shortall*, judge trial referee, granted in
part the defendants' motion to strike; thereafter, the
complaint was withdrawn as to the defendant Jeffrey
C. Kitching; subsequently, the court granted the motion
for summary judgment filed by the named defendant
et al. and rendered judgment thereon; thereafter, the
court denied the plaintiffs' motion to reargue, and the
plaintiffs appealed to this court. *Affirmed.*

*Harold J. Geragosian*, for the appellants (plaintiffs).

*Beatrice S. Jordan*, for the appellees (named defen-
dant et al.).

*Opinion*

PRESCOTT, J. The plaintiffs, Ricky E. Costa, who suffered serious injury to his right eye during a pick-up basketball game at a Plainville High School senior class picnic, and his mother, Maria Costa, appeal from the summary judgment rendered on all counts in favor of the defendants, the town of Plainville (town), the town's Board of Education (board), and Steven LePage, Plainville High School's principal.[1] The plaintiffs claim that the court improperly rendered summary judgment on the basis of governmental immunity. The plaintiffs contend that the evidence presented raised a genuine issue of material fact regarding whether discretionary act immunity applied and whether Ricky Costa was an identifiable person for purposes of the identifiable person-imminent harm exception to governmental immunity. We disagree and, accordingly, affirm the judgment of the trial court.

The following undisputed material facts, as set forth by the trial court or gleaned from the summary judgment record, and procedural history are relevant to our resolution of the plaintiffs' claims. Plainville High School conducted its annual senior class picnic on June 17, 2011. The picnic occurred during regular school hours, but was held off campus at a YMCA campground facility in Burlington that includes a softball field, basketball court, and swimming pool. Students were not obligated to go to the picnic, but Ricky Costa voluntarily attended it and elected to participate in a pick-up basketball game in which he was injured. His injury occurred when another player poked him in the eye while they were attempting to get the ball.

LePage generally supervised the picnic along with several teachers and a school nurse, none of whom, however, was stationed near or monitoring the basketball court. Accordingly, no school personnel were present at or supervising the basketball court at the time the injury occurred. Prior to Ricky Costa's injury, no one had been injured at the picnic nor had any issue arisen regarding student behavior. Moreover, no behavioral issues or basketball related injuries had occurred at senior class picnics in prior years.

At the time of the picnic, the school board had in place a supervision policy that provided, inter alia, that school sponsored activities "must be well-planned and organized and must provide for the adequate supervision and welfare of participating students at all times." Guidelines for School Sponsored Activities and Organizations, Policy No. 6145.5 (2005).

The plaintiffs commenced the underlying action on June 13, 2013. The operative amended complaint was filed on July 14, 2015, and contained five counts. Counts one through three sounded in negligence and were brought by Ricky Costa against the board, the town,

and LePage. Count four asserts a claim for damages against the board premised upon LePage's right to indemnification pursuant to General Statutes § 10-235.[2] Count five was brought by Maria Costa against the board and was derivative of the negligence claims of her son. She sought reimbursement for expenditures she made related to her son's medical care. The defendants filed an answer and special defenses, including that all counts were barred by governmental immunity.

The defendants later filed a motion for summary judgment, arguing that there was no genuine issue of material fact that Ricky Costa's negligence counts were barred by governmental immunity; that Maria Costa's claim against the defendants was derivative of her son's negligence counts and, thus, was barred; and that the indemnification count failed as a matter of law. The plaintiffs filed a memorandum in opposition to the motion for summary judgment claiming that Ricky Costa fell within the identifiable person-imminent harm exception to governmental immunity and that the defendants were not entitled to governmental immunity because they breached a ministerial rather than discretionary duty to supervise students in their care. The motion was heard by the court, *Hon. Joseph M. Shortall*, judge trial referee, who subsequently issued a memorandum of decision on March 23, 2016, granting summary judgment on all counts in favor of the defendants. The court concluded as a matter of law that the alleged conduct of the defendants involved a discretionary duty for which they were entitled to governmental immunity and that Ricky Costa's voluntary participation in the picnic denied him status as an "identifiable person" for purposes of the identifiable person-imminent harm exception. This appeal followed.

"The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) *Lamar* v. *Brevetti*, 173 Conn. App. 284, 288–89,     A.3d (2017).

Having thoroughly reviewed the summary judgment record, the briefs of the parties, and the applicable law, we conclude that the court properly rendered summary judgment in favor of the defendants with respect to the entirety of the complaint.

First, the court properly determined that the defendants' alleged negligent acts or omissions were discretionary in nature and not ministerial acts.[3] General Statutes § 52-557n, which generally abrogated common-law governmental immunity, "distinguishes between discretionary acts and those that are ministerial in nature, with liability generally attaching to a municipality [or its agents] only for negligently performed ministerial acts, not for negligently performed discretionary acts." *DiMiceli* v. *Cheshire*, 162 Conn. App. 216, 224, 131 A.3d 771 (2016). Moreover, "[t]here is a difference between laws that impose general duties on officials and those that mandate a particular response to specific conditions." *Bonington* v. *Westport*, 297 Conn. 297, 308, 999 A.2d 700 (2010). Although the plaintiffs suggest that the defendants' duty to supervise students during school sanctioned events such as the senior picnic was ministerial rather than discretionary in nature, the plaintiffs rely upon general safety guidelines and school board policies that, while requiring adequate supervision of students, fail to prescribe the precise nature or scope of such supervision or the manner in which it should be carried out. In other words, the plaintiffs have cited no clear directive that negated the need for the defendants to exercise judgment and discretion in providing adequate supervision. See *Violano* v. *Fernandez*, 280 Conn. 310, 323, 907 A.2d 1188 (2006).

Second, the plaintiffs failed to demonstrate that there was a genuine issue of material fact as to whether the identifiable person-imminent harm exception to discretionary act immunity applied under the facts of the present case. Specifically, the plaintiffs failed to demonstrate that a genuine issue of material fact existed as to whether Ricky Costa was an "identifiable person" for purposes of the exception. The identifiable-person imminent harm exception "applies [if] the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm . . . . This exception has three elements: (1) an imminent harm; (2) an identifiable victim; and (3) a public official to whom it is apparent that his or her conduct is likely to subject that victim to that harm. . . . This exception is applicable only in the clearest cases." (Citations omitted; internal quotation marks omitted.) *Jahn* v. *Board of Education*, 152 Conn. App. 652, 661–62, 99 A.3d 1230 (2014).

"In *Burns* [v. *Board of Education*, 228 Conn. 640, 649–50, 638 A.2d 1 (1994)], the court recognized school-children who are on school property during school hours as one identifiable class of foreseeable victims.

. . . This class has been consistently recognized by the courts of our state as narrowly drawn." (Citation omitted.) *Jahn* v. *Board of Education*, supra, 152 Conn. App. 662. The plaintiffs' only argument in support of its claim that Ricky Costa was an identifiable person was that he belonged to the identifiable class of school-children recognized in *Burns*. In *Jahn*, however, this court held that school children who *voluntarily* participate in nonmandatory school sponsored activities do not fall within the identifiable class recognized in *Burns*. Id., 667–68. Accordingly, the student in *Jahn*, who was injured during an extracurricular swim meet, did not qualify as an identifiable person.

Here, it is undisputed that Ricky Costa was not required to attend the senior picnic, but did so voluntarily. He also voluntarily participated in the pick-up basketball game in which he was injured. We agree with the trial court that Ricky Costa's voluntary participation did not grant him the status of an identifiable person entitled to protection by school authorities.[4]

In sum, the defendants' duty to supervise the picnic was discretionary in nature, and Ricky Costa did not qualify as an identifiable person for purposes of the identifiable person-imminent harm exception. Accordingly, the court properly determined that the defendants were entitled to governmental immunity and granted summary judgment as a matter of law.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] Jeffrey C. Kitching, Plainville's superintendent of schools, also was named as a defendant in the original complaint, but the action later was withdrawn as to him.

[2] Although not at issue in the present appeal, we note that § 10-235 does not create "a direct cause of action allowing a person allegedly injured by a negligent employee of a board of education to sue the board directly." *Logan* v. *New Haven*, 49 Conn. Supp. 261, 873 A.2d 275 (2005).

[3] It is unclear from the plaintiffs' brief on appeal whether they have raised as a claim that the court improperly determined that the defendants were entitled to discretionary act immunity. When asked at oral argument, the plaintiffs' attorney was equivocal at best.

[4] Because we agree that Ricky Costa was not an "identifiable person" for the purpose of this exception to governmental immunity, we do not consider whether the court also correctly determined that he was not subjected to "imminent harm."