[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED SEPTEMBER 16, 1994
This complaint is based upon an incident that occurred in the hallway of a high school. The minor plaintiff claims she slipped and fell due to a piece of food left on the floor. The complaint sets forth six counts and this motion to strike is aimed against the second and third count in which the plaintiffs claim liability against the board of education and the town pursuant to §§ 10-235 and 7-101 (a) of the General Statutes.
The defendants argue that these counts do not set forth a claim upon which relief can be granted because the statutes referred to do not provide a right of action against the defendants.
1. West Hartford Board of Education
Section 10-235 says that boards of education have a duty to
 . . . protect and save harmless any member of such board or any teacher or other employee thereof . . . from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence . . .
The defendant board cites several cases to the effect that this statute sets out a duty owed to its teachers and other employees; it provides indemnification from loss, not liability, thus it does not grant the plaintiffs CT Page 8827-A a direct cause of action. Swainbank v. Coombs,19 Conn. Sup. 391 (1965), Plasse v. Board of Education,28 Conn. Sup. 198, 201 (1969), Doe v. Niland, 2 CSCR 734
(1987), Carrington v. Sullivan, 3 CONN. L. RPTR. 232 (1991); Marotto v. Gaudet, 8 CONN. L. RPTR. 49 (1993).King v. Board of Education, 203 Conn. 324, 326 (1987), defined § 10-235 as providing indemnification to employees for losses sustained in various types of claims against them resulting from acts performed "within the scope of employment or under the direction of such board." Id. at 326. The defendant goes on to argue if a judgment is rendered against a board member, teacher, or employee such a person can seek indemnification from the board. The defendant compares this statute to Section 7-465 of the General Statutes which explicitly provides for an action against the board and its employee jointly. Since the plaintiff, according to the board, has filed "a direct cause of action" against the board and it is not authorized by § 10-235 this count must be stricken.
Only two cases support the plaintiffs' position that the board of education is a proper party because of its statutory obligation to protect its employee and that the statute provides a direct cause of action against the board, Pastor v. Bridgeport, 27 Conn. Sup. 337, 338
(1967), Arnette v. Spinola, 4 CSCR 834 (1989). These cases however seemed more concerned with immunity defenses raised by the board and did not give much reasoning for their position.
The wording of the 29th paragraph of the second count does bring the issue to a head for the court. There, instead of talking in terms of a direct action against the board — whatever that may mean — the claim is made under the statute that the plaintiff would have a right to an indemnification claim against the board if any judgment is rendered against its employee and that's why the claim is being asserted in the complaint.
The statute provides for indemnification from loss and not from liability and where there is an indemnification only from loss under common law principles any benefit arises only when a judgment is rendered against the person protected by indemnification rights. Cf. Shea v. U.S. Fidelity Guaranty Co.,
CT Page 8827-B98 Conn. 447, 551 (1923). Under the terms of the statute the employee can only maintain an action against the board when the loss is actually sustained by way of judgment. If the defendant board employee couldn't bring the board into the suit on an indemnification theory, how can the plaintiff? This is a statutorily created right of indemnification created for the benefit of teachers and other employees of a board of education; prospective plaintiffs could not be said to be parties to any indemnification agreement and there was no attempt under the statute to benefit them.
Even if the court were to fashion out of whole cloth some preemptive right to indemnification in behalf of plaintiff out of this statute there would still be difficulty with an old common law rule. In Dickerman v.New York, N.H. HR Co., 72 Conn. 271, 275, the court said: "Every complaint in an action at law must show a cause of action; that is, it must show a present right to have the relief claimed. If the right to the relief claimed has not yet come into existence, then the action is prematurely brought." It is true that for impleader purposes under P.B. § 117 this common law rule has been relaxed allowing indemnification claims to be brought into a case at a time which would have been considered premature under common law. However, this result has been achieved through interpreting Section 52-102a as permitting such a procedure. Johnson v. Carriage Hill ofBristol Inc., 29 Conn. Sup. 169, 170-71 (1971).
The motion to strike is granted as to the second count.
2. Town of West Hartford
Count three is based on Section 7-101a of the General Statutes and is brought against the Town of West Hartford. The purpose and effect of this statute vis-a-vis towns is the same as Section 10-235 as it applies to boards of education. It provides indemnification from loss to an employee and like Section10-235 does not provide for direct action against the town. See generally Orticelli v. Powers, 197 Conn. 9
(1985); also see Kuriansky v. Stamford, 6 CONN. L. RPTR. 686 (1992), for principle stated. The plaintiffs CT Page 8827-C relief is pursuant to § 7-465 of the General Statutes.
As to both these statutes, §§ 10-235 and 7-101a, the plaintiff argues that the defendants' argument would make their indemnification provisions meaningless. This is not true — they remain very meaningful for the class of people sought to be protected — employees of boards of education and towns. These statutes were not passed to give direct causes of action to anyone else. For the reasons previously stated in the discussion of § 10-235
the motion to strike the third count is granted.