[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO STRIKE
This is a personal injury action brought by the minor plaintiff, Patrick Loman, through his mother and next friend, Irene Loman, for damages arising out of an eye injury he allegedly sustained while playing floor hockey during a high school physical education class. In the First and Second Counts of his Second Amended Complaint, the plaintiff alleges that Dr. Arnold Frank, principal of Amity Regional Senior High School, Stephen Gordon, superintendent of schools for Regional School District #5 and Kathy Symonds, a gym teacher at Amity Regional Senior High School, negligently caused the plaintiffs injuries in various ways set forth in the complaint. The Third and Fourth Counts are brought against Regional School District #5 and the Board of Education for Regional School District #5 alleging that, pursuant to General Statutes § 10-235, these defendants have an obligation to indemnify Dr. Arnold Frank, Stephen Gordon and Kathy Symonds for any damages they may become obligated to pay the plaintiff. The Fifth and Sixth counts are also brought against Regional School District #5 and its Board of Education alleging negligence. The Seventh and Eighth Counts are directed at Jared Rosner and are not addressed in this motion.
The defendants named in the first six counts of the Second Amended Complaint, i.e. Regional School District #5, Board of Education for Regional School District #5, Dr. Arnold Frank, Stephen Gordon and Kathy Symonds (hereinafter the "school defendants") have moved to strike those counts addressed to them. The school defendants claim that the first, second, fifth and sixth counts are barred by the doctrine of governmental immunity. In addition, the school defendants claim that the third and fourth counts should be stricken because (1) the plaintiffs do not have a direct cause of action against the school district or board pursuant to General Statutes § 10-235 and (2) the counts are derivative of earlier counts which should be stricken. CT Page 6675
 I Legal Standard
A motion to strike may be used to test the legal sufficiency of the allegations of a complaint. Practice Book § 10-39. The motion to strike tests whether the complaint states a cause of action on which relief can be granted. Amore v. Frankel,228 Conn. 358, 372-73 (1994). The motion "admits all facts well pleaded; it does not admit legal conclusions or the truth or accuracy of opinions stated in the pleadings." Mingachos v. CBS,Inc., 196 Conn. 91, 108 (1985). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint."Novametrix Medical Systems, Inc. v. BOC Group, Inc.,224 Conn. 210, 215 (1992). The court must construe the facts in the complaint most favorably to the plaintiff. Id., 215.
 II Governmental Immunity
"A municipality's potential liability for its tortious acts is limited by the common law principle of governmental immunity."Heigl v. Board of Education, 218 Conn. 1, 4 (1991). Governmental immunity, however, is not a blanket protection for all official acts. "A municipality is immune from liability for the performance of governmental acts as distinguished from ministerial acts . . ." Gordon v. Bridgeport Housing Authority,208 Conn. 161, 167 (1988). While a municipal employee has a qualified immunity in the performance of a governmental duty. "he may be liable if he misperforms a ministerial act as opposed to a discretional act . . ." Evon v. Andrews, 211 Conn. 501, 505
(1989). The word "ministerial" refers to a duty which is to be performed in a prescribed manner without the exercise of judgment or discretion. Id.
There are "three exceptions under which liability may attach even though the act was discretionary." First, where the circumstances make it apparent to the public officer that his or her failure to act would be likely to subject an identifiable person to imminent harm; . . . second where a statute specifically provides for a cause of action against a municipality or municipal official for failure to enforce certain laws; . . . and third, where the alleged acts involve malice, wantonness, or intent to injure, rather than negligence. Id. CT Page 6676
The plaintiffs concede that the duties owed by the school defendants to the minor plaintiff were discretionary. The plaintiffs claim, however, that this case comes within the exception to governmental immunity that relate to circumstances that make it apparent to the public official that a failure to act would likely subject an identifiable person to imminent harm. The school defendants assert that governmental immunity applies the facts alleged by the plaintiffs.
The resolution of the governmental immunity issue raised in the motion to strike is controlled by the Supreme Court's decision in Purzycki v. Fairfield, 224 Conn. 101 (1998). InPurzycki, the failure of school officials to adequately supervise students in a hallway was held to create circumstances of likely imminent harm to an identifiable person so as to come within an exception to government immunity. Id, 110 In the present case, the allegation that the required participation in a floor hockey game during a gym class where there was inadequate instruction, training and supervision is at least as likely to result in imminent harm to an identifiable person as an inadequately supervised hallway.
Accordingly, the motion to strike the first, second, fifty and sixth count on grounds of governmental immunity is denied.
 III Direct Cause of Action Against School Board
The school defendants assert that the Third and Fourth Counts should be stricken because the statutory basis for these counts does not provide for a direct cause of action against either Regional School District #5 or its Board of Education. Both of these counts are based on General Statutes § 10-235 which, as pertinent here, provides:
 Each board of education shall protect and save harmless any member of such board or any teacher or other employee thereof of any member of its supervisory or administrative staff, and the State Board of Education, . . . shall protect and save harmless any member of such boards, or any teacher or other employee thereof . . . from financial loss and expense, including legal fees and costs, . . . arising out of any claim, demand, suit or judgment by reason of alleged CT Page 6677 negligence or other act resulting in accidental bodily injury to . . . any person, . . . provided such teacher, . . . was acting in the discharge of his duties . . .
This statute, by its terms, provides for indemnification of employees of the board or its members but does not give plaintiffs a direct cause of action. See Parsons v. West HartfordBoard of Education, Superior. Court, Judicial District of Hartford, Docket No. 533484 (September 16, 1994) (Corradino, J.13 Conn. L. Rptr. 52) ("the statute provides for indemnification from loss and not from liability and where there is an indemnification only from loss under common law principles any benefit arises only when a judgment is rendered against the person protected by indemnification rights"); see also Little v.Booth, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 450581 (December 3, 1992) (Langenbach, J.2 Conn. L. Rptr. 49); Carrington v. Sullivan, Superior Court, Judicial District of Hartford/New Britain at Hartford, Docket No. 359778 (January 29, 1991) (Hennessey, J. 3 Conn. L. Rptr. 232).
Accordingly, the motion to strike the Third and Fourth Counts is granted.
 CONCLUSION
For reasons set forth above, the motion to strike the First, Second, Fifth and Sixth Counts is denied and the motion to strike the Third and Fourth counts is granted.
So Ordered at New Haven, Connecticut this 18th day of May, 1999.
Robert J. Devlin, Jr., J.