[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#127)
 FACTS
The plaintiff Jean Brown, individually and as next friend of the minor plaintiff N. B. Brown, filed a ten-count amended complaint on September 10, 1999. In counts eight and nine, which are the counts challenged by the present motion to strike, the plaintiff alleges the following facts. On June 6, 1997, the minor plaintiff was a seventh-grade student at Kelly Middle School in Norwich. Kelly Middle school was controlled, supervised and operated by the defendant City of Norwich Board of Education (the defendant). As part of a field trip, the plaintiff's class visited a miniature golf course in Bozrah. The trip was supervised by five teachers employed by the defendant, as well as a student intern from the University of New Haven.[1] As the plaintiff was waiting his turn to participate in the miniature golf game, another student took a full swing at the tee and hit the plaintiff in the left eye with a golf club, causing injuries.
In count eight, the plaintiff alleges that the defendant was negligent and careless in one or more of the following ways: failing to provide an adequate number of chaperones for the field trip; failing to take reasonable steps to minimize foreseeable injuries to the children; failing to warn the students playing miniature golf of safety rules and regulations; and failing to train teachers or provide guidelines to teachers regarding proper supervision of students.
In count nine the plaintiff seeks indemnification from the defendant for the alleged carelessness and negligence of its employees pursuant to General Statutes § 10-235. Count nine alleges the following additional facts. The five teachers and the student intern were negligent in failing to properly supervise the students, failing to take steps to minimize foreseeable injuries to the students, and failing to warn students of safety rules and regulations. The teachers and the intern were acting in the performance of their duties and within the scope of their employment (or internship), and the injuries of the plaintiff were not the result of any wilful or wanton act of the employees or intern.
On January 12, 2000, the defendant filed the present motion to strike counts eight and nine of the plaintiff's amended complaint. The defendant seeks to have the eighth count stricken on the ground that the operation of the Norwich public schools is a governmental, as opposed to proprietary, function and that the defendant is therefore entitled to governmental immunity. The defendant also seeks to have the ninth count CT Page 9730 stricken on the ground that General Statutes § 10-235 does not provide for a direct cause of action by the plaintiffs against the defendant. The defendant's motion to strike is accompanied by a memorandum of law. The plaintiffs have also filed a memorandum of law in opposition to the defendant's motion.
 STANDARD FOR MOTION TO STRIKE
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff.
If facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.)Faulkner v. United Technologies Corp., 240 Conn. 576,580, 693 A.2d 293 (1997).
 COUNT EIGHT
The defendant first argues that count eight of the amended complaint should be stricken because the defendant is entitled to governmental immunity. Specifically, the defendant claims that it is entitled to immunity because the operation of the Norwich public schools is a governmental, rather than proprietary function. "A town board of education can be an agent of the state for some purposes and an agent of the municipality for others." Heigl v. Board of Education, 218 Conn. 1,3-4, 587 A.2d 423 (1991). If the defendant's alleged negligence occurred in the performance of the defendant's duties as an agent of the municipality, the defendant may be protected by the doctrine of governmental immunity. Id., 4.
"Unlike the state, municipalities have no sovereign immunity from suit. Rather, municipal governments have a limited immunity from liability." (Citation omitted; internal quotation marks omitted.)Westport Taxi Service, Inc. v. Westport Transit District, 235 Conn. 1,26, 664 A.2d 719 (1995). "It is well settled in this State that municipal corporations are exempt from liability for the negligent performance of a purely governmental duty unless made liable by statute. . . . When municipalities are engaged in proprietary or ministerial activities, their actions are not considered governmental and, accordingly, they do not enjoy immunity from negligence resulting from such activities." CT Page 9731 (Citations omitted; internal quotation marks omitted.) Couture v. Boardof Education, 6 Conn. App. 309, 312, 505 A.2d 432 (1986). It is clear, therefore, that if the defendant's alleged negligence occurred when the defendant was engaged in a proprietary activity as an agent of the municipality, the defense of governmental immunity will be inapplicable.
It does not follow from this conclusion, however, that the defendant is immune from liability for all non-proprietary activities. There are, in addition to the exception for proprietary activities, other significant exceptions to governmental immunity. For example, a municipality is immune from liability for the performance of discretionary acts, but is not immune from liability for the performance of ministerial acts, which are performed in a prescribed manner without the exercise of judgment or discretion as to the propriety of the action." (Internal quotation marks omitted.) Gordon v. Bridgeport Housing Authority, 208 Conn. 161, 167-68,544 A.2d 1185 (1988). Even if the acts are discretionary, there are additional exceptions under which a municipality may be liable. "One exception is when it would be apparent to the public officer that his failure to act would be likely to subject an identifiable person to imminent harm." (Internal quotation marks omitted.) Id., 167.
Our Supreme Court has "previously determined that governmental immunity must be raised as a special defense in the defendant's pleadings. . . . Governmental immunity is essentially a defense of confession and avoidance similar to other defenses required to be affirmatively pleaded [under Practice Book § 10-50]." (Citation omitted; internal quotation marks omitted.) Westport Taxi Service, Inc. v. Westport TransitDistrict, supra, 235 Conn. 24. An Appellate Court decision predating the Supreme Court's statements in Westport Taxi Service suggests that there may be an exception to this rule where "it is apparent from the face of the complaint" that the municipality is immune from liability. Brown v.Branford, 12 Conn. App. 106, 111 n. 3, 529 A.2d 743 (1987); see alsoGordon v. Bridgeport Housing Authority, supra, 208 Conn. 170
("Notwithstanding the procedural posture of a motion to strike, this court has approved the practice of deciding the issue of governmental immunity as a matter of law.").
Even if our courts continue to recognize such an exception, the defendant's immunity is not apparent from the face of the complaint presently before this court. Despite the defendant's assertions, it is not apparent from the facts contained in the complaint, construed in the light most favorable to the plaintiff, that the alleged negligence of the defendant board occurred in the course of a governmental, as opposed to a proprietary, activity. Furthermore, the defendant's motion to strike does not address the issue of whether the duty allegedly breached by the defendant was discretionary or ministerial, or whether an exception to CT Page 9732 immunity, such as the identifiable person/imminent harm exception, might apply. Consequently, the complaint, when viewed in favor of the plaintiffs, does not bring this case within the limited exception to the general rule that governmental immunity should be pleaded as a special defense. The court therefore will not at this time reach the merits of the defendant's governmental immunity claim and the motion to strike is denied as to count eight of the complaint.
 COUNT NINE
The defendant also seeks to have count nine of the amended complaint stricken on the ground that the plaintiffs do not have a direct cause of action under General Statutes § 10-235. The defendant argues that § 10-235 creates a duty on the part of a board of education to indemnify its employees who are liable for damages, but does not provide a mechanism whereby a plaintiff may sue a board of education directly for damages caused by an employee's negligence. General Statutes § 10-235
provides in pertinent part: "(a) Each board of education shall protect and save harmless any member of such board or any teacher or other employee thereof or any member of its supervisory or administrative staff . . . from financial loss and expense, including legal fees and costs, if any, arising out of any claim, demand, suit or judgment by reason of alleged negligence or other act resulting in accidental bodily injury to . . . any person within or without the school building. . . which acts are not wanton, reckless or malicious, provided such teacher, member or employee, at the time of the acts resulting in such injury, damage or destruction, was acting in the discharge of his or her duties or within the scope of employment of under the direction of such board of education . . .
Neither the Supreme Court nor the Appellate Court has addressed this issue. The vast majority of Superior Court judges that have analyzed the issue have concluded that § 10-235 does not authorize a direct action against a board of education by an injured plaintiff. See, e.g., Plassev. Board of Education, 28 Conn. Sup. 198, 256 A.2d 519 (1969); Dube v.Bye, Superior Court, judicial district of New Haven at New Haven, Docket No. 418259 (December 13, 1999, Zoarski, J.); Loman v. Frank, Superior Court, judicial district of New Haven at New Haven, Docket No. 398833 (May 19, 1999, Devlin, J.); Lauermann v. Danbury Board of Education, Superior Court, judicial district of Danbury, Docket No. 330843 (July 22, 1998, Rogers, J.); Stultz v. LaRosa, Superior Court, judicial district of Tolland at Rockville, Docket No. 056704 (August 8, 1997,Klaczak, J.); Ambrose v. Singe, Superior Court, judicial district of Danbury, Docket No. 320896 (June 10, 1997, Stodolink, J.) (19 Conn. L. Rptr. 639);Stiffler v. Norwalk, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 145373 (March 18, 1996, Tobin,CT Page 9733J.) (16 Conn.L.Rptr. 275); Zuba v. New Milford Superior Court, judicial district of Litchfield, Docket No. 065903 (November 29, 1995, Pickett,J.); Parsons v. West Hartford Board of Education, Superior Court, judicial district of Hartford, Docket No. 533484 (September 16, 1994,Corradino, J.) (13 Conn.L.Rptr. 52). But see Rosen v. Reale, Superior Court, judicial district of New London at New London, Docket No. 527510 (January 13, 1994, Hurley, J.) (9 C.S.C.R. 176).
As a number of the above-cited cases point out, the Supreme Court has stated that the purpose of § 10-235 was "to make indemnification available to a board of education employee for losses sustained from claims or suits for damages, injunctive relief or both, resulting from any act of the employee performed in the discharge of his or her duties or within the scope of employment or under the direction of such board (Internal quotation marks omitted.) King v. Board of Education,195 Conn. 90, 97, 486 A.2d 1111 (1985). The text of the statute itself, with its "protect and save harmless" language, supports the conclusion that the legislature intended to provide only actual indemnification of a liable employee, rather than a direct cause of action by a third party.
The conclusion that § 10-235 does not provide for a direct cause of action against a board of education by an injured plaintiff is further supported by examining the provisions of General Statutes § 7-465. That section provides in part: "Any town, city or borough . . . shall pay on behalf of any employee of such municipality . . . all sums which such employee becomes obligated to pay by reason of the liability imposed upon such employee by law for damages awarded. . . ." General Statutes § 4-465 (a). It stands to reason that if the legislature had intended to make boards of education directly liable to injured plaintiffs under § 10-235, it would have employed language similar to § 7-465. SeeAmbrose v. Singe, supra, 19 Conn.L.Rptr. 641; Stultz v. LaRosa, supra, Superior Court, Docket No. 056704.
In Rosen v. Reale, supra, 9 C.S.C.R. 176, on the other hand, the court concluded that a plaintiff may brings a direct action against a board of education under § 10-235. The court relied primarily on the Appellate Court's statement that § 10-235, like § 7-465, "is also an indemnification statute contingent on a judgment's being obtained against a board member, teacher, employee or any member of the board's supervisory or administrative staff." Id., 178, quoting Burns v. Boardof Education, 30 Conn. App. 594, 602, 621 A.2d 1350 (1993), rev'd on other grounds, 228 Conn. 640, 638 A.2d 1 (1994). When read in context, however, the Appellate Court's comment in Burns establishes nothing more than the principle that a board of education is not liable under §10-235 unless an individual employee is first found liable. The issue of whether a direct cause of action is permitted by an injured plaintiff CT Page 9734 under § 10-235 was not addressed by the Burns court. See Ambrose v.Singe, supra, 19 Conn.L.Rptr. 641; Zuba v. New Milford, supra, Superior Court, Docket No. 065903.
For all of these reasons, those cases in which injured plaintiffs were not permitted to bring a direct action against a board of education pursuant to § 10-235 are more persuasive. The motion to strike count nine of the plaintiffs' complaint is therefore granted.
 CONCLUSION
The issue of governmental immunity may not be properly evaluated based only on the facts alleged in the complaint, but should be pleaded as a special defense. Governmental immunity therefore may not serve as a basis for striking count eight of the complaint. Furthermore, General Statutes § 10-235 does not allow an injured plaintiff to sue a board of education directly as the plaintiffs have attempted to do in count nine of their complaint. For these reasons, the motion to strike is denied as to count eight and granted as to count nine.
Martin, J.