[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] FACTS
This case arises out of an alleged physical assault of a high school student by another high school student on school grounds. According to the complaint, on November 1, 1998, the plaintiff, Daniel Pabon and the defendant, Sakunda Morris, were involved in a physical altercation while on the grounds of New London High School. Morris received in-school suspension as a result of the altercation. The following day, November 2, 1998, Morris assaulted Pabon on school grounds while Morris was walking unescorted to the in-school suspension room.
On May 2, 2001, the plaintiffs, Daniel Pabon and his mother Norma Pabon, filed a nine count amended complaint against the defendants. Count one alleges negligence against the New London Board of Education pursuant CT Page 11189 to General Statutes § 10-220 and § 10-221 (a). Counts two, three, four and five allege negligence against the superintendent of schools, Julian Stafford, the city of New London, the high school's principal, Louis Allen, the dean of the high school, Richard Daniele, and the assistant principal of the high school, Stephen Salisbury. Counts six, seven and eight allege negligent assault, reckless misconduct and intentional assault against Sakunda Morris. Count nine alleges medical expenses incurred by Norma Pabon as against all of the defendants.
The defendant, the New London Board of Education, filed a motion to strike count one of the complaint on the ground that it is legally insufficient under General Statutes § 10-235. The plaintiff filed an objection to the motion to strike on the ground that the plaintiffs are not pursuing claim under General Statutes § 10-235 but is pursuing a negligence claim under General Statutes § 10-220 and § 10-221
(a).
 DISCUSSION
"Whenever any party wishes to contest (1) the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., 240 Conn. 576, 580, 693 A.2d 293 (1997). The court must "construe the complaint in the manner most favorable to sustaining its legal sufficiency." (Internal quotation marks omitted.) Eskin v.Castiglia, 253 Conn. 516, 523, 753 A.2d 927 (2000). "A motion to strike admits all facts well pleaded; it does not admit legal conclusions or thetruth or accuracy of opinions stated in the pleadings." (Emphasis in original; internal quotation marks omitted.) Faulkner v. UnitedTechnologies Corp., supra, 588.
The defendant moves to strike on the ground that General Statutes § 10-235[1] does not provide for a direct cause of action against a board of education. The defendant argues that the courts have not allowed direct actions by a plaintiff against a board of education, and therefore the motion to strike count one should be granted.
"There is a split of authority in the Superior Court over the question whether individual injured parties have a direct cause of action under § 10-235 against a board of education, and neither the Appellate Court nor the Supreme Court has addressed the issue directly. . . . However, the majority of Superior Court decisions have held that § CT Page 1119010-235 is solely an indemnification statute and does not permit a direct action against a board of education." (Internal quotation marks omitted.)Duffus v. McClendon, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 182286 (April 12, 2001,Karazin, J.) See also Brown v. Acorn Acres, Superior Court, judicial district of New London at Norwich, Docket No. 117980 (August 23, 2000,Martin, J.) (28 Conn. L. Rptr. 24) (court held § 10-235 creates a right of indemnification for the benefit of teachers and board employees and does not allow a direct action by other prospective plaintiffs).
General Statutes § 10-235 provides indemnification by the board of education for teachers and other school employees, but a plaintiff cannot sue a board of education directly under the statute. Brown v. AcornAcres, supra, Docket No. 117980. In the present case, however, the plaintiffs have not filed suit pursuant to General Statutes § 10-235
but have alleged that the board has a duty pursuant to General Statute § 10-220 and General Statute § 10-221. Therefore, the previous holding of this court regarding § 10-235 is inapplicable to the plaintiffs' claim of negligence against the board of education.
"The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury."Maffucci v. Royal Park Ltd. Partnership, 243 Conn. 552, 566, 707 A.2d 15
(1998). The plaintiffs allege that the board of education has a duty pursuant to General Statute §§ 10-220[2] and 10-221.[3] "General Statutes § 10-220 imposes a duty on the board to maintain a `context and environment' that is suitable for learning and free from danger or risk." New Haven Board of Education v. Zoning Board of Appeals, Superior Court, judicial district of New Haven, Docket No. 428018 (February 10, 2000, Levin, J.). The plaintiffs allege (1) that the defendant breached its duty when it failed to protect Pabon; (2) that Pabon was seriously injured; and (3) that the defendant's actions were a direct and proximate cause of Pabon's injury. (Complaint, Count one, ¶¶ 10, 12, 13, 14, 15.) The plaintiffs further allege that the board is liable for damages pursuant to General Statutes § 52-557n.[4]
The plaintiffs have alleged a legally sufficient claim of negligence against the defendant, the board of education. Therefore, the defendant's motion to strike is denied.
Martin, J.