[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO STRIKE
 I PROCEDURAL HISTORY
On May 22, 2001, the plaintiff, Maria Bones, filed a two-count complaint against the defendant, New Britain General Hospital. This action arises out of injuries and losses allegedly sustained as a result of being struck and battered, restrained and confined, and stripped of her clothing by the defendant's agents, servants and/or employees while in the care of the defendant on April 27, 1999. On July 30, 2001, the defendant filed a request to revise, and, in response thereto, on September 19, 2001, the plaintiff filed a revised (and proposed amended) complaint in two counts. Count one alleges intentional assault and battery upon the plaintiff by the defendant and count two alleges negligent conduct.
On October 18, 2001, the defendant filed a motion to strike both counts CT Page 3906 of the revised amended complaint, accompanied by a memorandum in support. The defendant moves to strike both counts of the revised amended complaint on the ground that the plaintiff failed to comply with the requirements of General Statutes § 52-190a[1] in that no good faith medical certificate was filed with this complaint. Additionally, the defendant moves to strike the first count for failure to state a legally cognizable cause of action for assault and battery in a medical context. The plaintiff failed to comply with the provisions of Practice Book § 10-42(b),[2] and, on November 19, 2001, at oral argument on the motion, the plaintiff was ordered by this court to file a memorandum in opposition by November 21, 2001, and the defendant was ordered to file a reply brief thereon by November 28, 2001. Both parties complied with the orders of the court in a timely fashion.
 II DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "[T]he absence from the [medical malpractice] complaint of the statutorily required good faith certificate renders the complaint subject to a motion to strike . . . for failure to state a claim upon which relief can be granted. . . ." LeConche v. Elligers,215 Conn. 701, 711, 579 A.2d 1 (1990). In ruling on a motion to strike, the trial court examines the complaint "construed in favor of the plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) Dodd v.Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 293 (1997). "[G]rounds other than those specified should not be considered by the trial court in passing upon a motion to strike. . . ." (Internal quotation marks omitted.) Gazo v. Stamford, 255 Conn. 245, 259,765 A.2d 505 (2001).
In support of the motion, the defendant argues that in order to maintain a cause of action for assault and battery in a medical context, the first count of the revised amended complaint must contain allegations that the health care provider either (1) failed to obtain consent for a particular treatment, or (2) performed a different procedure from the one for which consent had been given, or (3) realized that the patient did not understand what the procedure entailed. As count one fails to contain any such allegations, the defendant contends that it must be stricken for failure to allege an action for assault and battery in a medical context. CT Page 3907
The defendant further maintains that both counts must be stricken for failure to file with this complaint a good faith certificate required by § 52-190a for actions sounding in medical negligence. In support thereof, the defendant argues that the second count clearly sounds in medical negligence and that the first count, through its duplication of some of the allegations contained in the second count, is indistinguishable from an action based on medical negligence and therefore subject to the requirement of the good faith certificate.
The plaintiff counters in her memorandum that neither count of her revised amended complaint is brought in medical negligence so as to subject the complaint to the statutory requirement of the good faith certificate. She maintains that neither the first count, sounding in intentional assault and battery, nor the second count, sounding in ordinary negligence, allege facts involving medical treatment by the defendant and therefore do not implicate the provisions of § 52-190a.
Count one of the revised amended complaint alleges intentional conduct by the defendant, rather than negligence. "Because this count alleges wilful rather than negligent conduct, this count is not subject to the requirements of § 52-190a, which apply only to actions based upon negligence." Pascarelli v. Corning Clinical Laboratories, Inc., Superior Court, judicial district of Danbury, Docket No. 325312 (March 25, 1997,Moraghan, J.) (19 Conn.L.Rptr. 82, 84). Therefore, count one survives the defendant's motion to strike for failure to attach a good faith certificate.
Additionally, count one is not, as the defendant argues, a claim based on medical malpractice requiring the type of allegations set forth inGodwin v. Danbury Eye Physicians, P.C., 254 Conn. 131, 136-37, 757 A.2d 516
(2000); (see Defendant's Memorandum, p. 2); to enable the plaintiff to recover for assault and battery. There are no allegations in this count to support the defendant's position that the assault and battery was incident to a medical treatment being administered to the plaintiff; on the contrary, the plaintiff alleges only that she was on the defendant's premises as a business invitee under the care of the defendant. "Under our law a civil action for assault and battery may be supported by proof of . . . an intentional . . . blow." Swainbank v. Coombs, 19 Conn. Sup. 391,394, 115 A.2d 468 (1955). Therefore, the defendant's motion to strike count one is denied.
Regarding count two, alleging negligent conduct, § 52-190a is applicable to negligence actions only if two conditions are met. First, the defendant must be a health care provider within the meaning of General Statutes § 52-184b. Bruttomesso v. Northeastern ConnecticutCT Page 3908Sexual Assault Crisis Services, Inc., 242 Conn. 1, 8-9, 698 A.2d 795
(1997) (holding that because § 52-190a references General Statutes § 52-184c, which incorporates the definition of health care provider under § 52-184b, that definition applies to § 52-190a). Second, § 52-190a applies only to actions sounding in medical malpractice, not those sounding in ordinary negligence.
General Statutes § 52-184b (a) defines a health care provider as "any person, corporation, facility or institution licensed by this state to provide health care or professional services, or an officer, employee or agent thereof acting in the course and scope of his employment." Although the defendant's status as a health care provider is here unchallenged, § 52-190a applies only if the plaintiff's action sounds in medical malpractice, not in ordinary negligence.[3] "[P]rofessional negligence or malpractice . . . [is] defined as the failure of one rendering professional services to exercise that degree of skill and learning commonly applied under all the circumstances in the community by the average prudent reputable member of the profession with the result of injury, loss, or damage to the recipient of those services." (Internal quotation marks omitted.) Santopietro v. New Haven, 239 Conn. 207, 226,682 A.2d 106 (1996). "[T]he relevant considerations in determining whether a claim sounds in medical malpractice are whether (1) the defendants are sued in their capacities as medical professionals, (2) the alleged negligence is of a specialized medical nature that arises out of the medical professional-patient relationship, and (3) the alleged negligence is substantially related to medical diagnosis or treatment and involved the exercise of medical judgment." Trimel v. Lawrence MemorialHospital Rehabilitation Center, 61 Conn. App. 353, 358, 764 A.2d 203, cert. granted, 255 Conn. 948, 769 A.2d 64, appeal dismissed, 258 Conn. 711,784 A.2d 889 (2001).
In the case before the court, the plaintiff alleges in paragraph 6 that she was under the care of the defendant and, in paragraph 7(c) that the defendant "failed to follow reasonable and proper procedure by . . . medicating . . . the plaintiff without her consent, thereby violating the duty of care owed to patients such as the Plaintiff seeking medical treatment. . . ." The court in applying the three indicators of medical malpractice as set forth in Trimel v. Lawrence Memorial HospitalRehabilitation Center, supra, 61 Conn. App. 358 to these specific allegations of the second count, finds that the defendant is being sued in its capacity as a medical professional, that the defendant's alleged negligence was of a specialized medical nature arising out of the medical professional patient relationship and that the plaintiff's claims are related to her medical diagnosis and treatment and that her alleged injuries involved the exercise of medical judgment. CT Page 3909
In determining whether a claim is one in medical malpractice requiring a good faith certificate, "other trial courts have distinguished between actions against a health care provider sounding in simple negligence and those sounding in medical malpractice. A good faith certificate has not been required where the court determined that it was a simple negligence action." Smith v. Mediplex of Westport, Superior Court, judicial district of Stamford-Norwalk at Stamford, Docket No. 159274 (March 25, 1998,D'Andrea, J.) (21 Conn.L.Rptr. 495, 496). The test applied by these courts in determining whether the defendant's misconduct was medical malpractice or simple negligence was first formulated in Badrigian v.Elmcrest Psychiatric Institute, Inc., 6 Conn. App. 383, 387, 505 A.2d 741
(1986), a case dealing with negligent failure to supervise a patient who was struck by an automobile while on his way to lunch, which held that there is no medical malpractice where the jury "need not be guided by medical experts in determining" whether the defendant breached its duty of care to the patient and where there are "no esoteric or uniquely medical issue[s] to be determined under the allegations of [the] case . . . nor any complex issue requiring specialized knowledge." (Internal quotation marks omitted.)
A split of authority exists regarding whether the type of negligence alleged in the case before the court is related to medical diagnosis or treatment and involves the exercise of medical judgment. This split exists among trial court decisions dealing with negligent failure to supervise and protect the patient while in the defendant's care. InWilson v. Yale-New Haven Hospital, Superior Court, judicial district of New Haven at New Haven, Docket No. 444687 (March 26, 2001, Munro, J.), the court held that where the defendant failed to monitor the plaintiff (a stroke victim receiving 24-hour care and treatment) to prevent her from falling, "[t]he fact that [the] plaintiff may not have been actively participating in a specific treatment at the time of the injury is not dispositive." In that case, the court found medical malpractice. By contrast, the court determined in Delaney v. Newington Children'sHospital, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 524063 (May 9, 1994, Wagner, J.) (9 C.S.C.R. 692, 695), that ordinary negligence and not medical malpractice in the defendant's supervision of the minor plaintiff resulted in the plaintiff's sexual assault by a hospital roommate. Likewise, in DeJesusv. Veteran's Memorial Medical Center, Superior Court, judicial district of New Britain at New Britain, Docket No. 498385 (October 19, 2000,Kocay, J.) (28 Conn.L.Rptr. 522, 524), the court found that "[n]egligent supervision by health care providers constitutes ordinary negligence, not malpractice," where the defendant failed to secure the plaintiff to her bed to prevent her from falling.
Other situations involving failure to supervise and protect patients in CT Page 3910 custodial care have been held by the Superior Court to constitute ordinary negligence and not medical malpractice. See, e.g., Fallo v.McLean Association, Inc., Superior Court, judicial district of New Britain at New Britain, Docket No. 499101 (July 17, 2001, Shapiro, J.) (30 Conn.L.Rptr. 217) (where plaintiff's decedent wandered from her room in defendant's assisted living facility, entered unsecured stairwell and fell down stairs injuring herself, "limited testimony as to the degree of self control of [the decedent] does not . . . convert an ordinary negligence case into a medical malpractice claim"); Beauvais v.Connecticut Subaccute Corp., Superior Court, judicial district of New Haven at Meriden, Docket No. 270390 (September 29, 2000, Levine, J.) (where plaintiff's decedent was assaulted in nursing home by unsupervised Alzheimer's patient, "[t]he court concludes that both the supervision of dangerous patients and the protection of patients from known dangers were custodial in nature and incidental to, and not an integral part of, the medical treatment being provided by the home to the decedent"); Mason v.Rockville General Hospital, Superior Court, judicial district of Tolland at Rockville, Docket No. 68416 (January 19, 2000, Sullivan, J.) (26 Conn.L.Rptr. 239) (where minor plaintiff fell off stretcher in defendant's emergency room "limited testimony as to the degree of self control of this child does not . . . convert an ordinary negligence case into a medical malpractice claim"); Agosto v. Midstate Medical Center, Superior Court, judicial district of New Haven at Meriden, Docket No. 266516 (December 14, 1999, Levine, J.) (26 Conn.L.Rptr. 145) (where minor plaintiff sustained injuries when he fell out of crib, "the provision and maintenance of a crib for the child was incidental to, and not an integral part of. the medical treatment being provided to the child by the defendant"); Pascarelli v. Corning Clinical Laboratories, Inc., supra, Superior Court, Docket No. 325312 (where defendant erroneously informed plaintiff that plaintiff was HIV positive "there is no uniquely medical issue to be determined"); Sloan v. St. Francis Hospital andMedical Center, Superior Court, judicial district of New London at New London, Docket No. 536439 (November 27, 1996, Hendel, J.) (18 Conn.L.Rptr. 288) (plaintiff's injuries sustained when gurney on which she was being transported to her hospital room struck a wall due to its being propelled at high rate of speed).
The allegations of paragraph 7(c) of the second count of the complaint in the matter before the court constitute a departure from the foregoing line of cases dealing with negligent failure to supervise and protect patients in custodial care. Specifically, the allegations that the plaintiff was medicated without her consent and that the defendant violated its duty of care to her as a patient seeking medical treatment go beyond mere custodial supervision. These allegations are related to medical treatment and they make the second count a claim for medical malpractice and not ordinary negligence. Therefore the defendant's motion CT Page 3911 to strike the second count of the revised complaint is granted.
 III CONCLUSION
The motion to strike the second count of the complaint is granted. In all other respects the motion is denied.
BY THE COURT
Peter Emmett Wiese, Judge