******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

ROSE RIVERA *v.* CR SUMMER HILL,
LIMITED PARTNERSHIP ET AL.
(AC 37906)

Lavine, Keller and Mihalakos, Js.

*Argued October 13, 2016—officially released January 3, 2017*

(Appeal from Superior Court, judicial district of
Middlesex, Aurigemma, J.)

*Jonathan A. Cantor*, for the appellant (plaintiff).

*Sharon Baldwin*, for the appellees (defendants).

*Opinion*

MIHALAKOS, J. The plaintiff, Rose Rivera, appeals from the summary judgment rendered by the trial court in favor of the defendants, CR Summer Hill, Limited Partnership, and Carabetta Property Management, Inc. On appeal, the plaintiff claims that the court improperly granted the defendants' motion for summary judgment because a genuine issue of material fact existed regarding whether the defendants had constructive notice of the inadequate lighting and the lack of a handrail that caused the plaintiff's alleged injuries. We agree and reverse the judgment of the trial court.

The pleadings and documents submitted in connection with the defendants' motion for summary judgment, along with the plaintiff's objection, reveal the following alleged facts and procedural history. On February 4, 2013, the plaintiff visited her sister at the Woodbury apartment complex in Middletown. The complex is owned by CR Summer Hill, Limited Partnership, and managed by Carabetta Property Management, Inc. The plaintiff arrived at the complex at approximately 6 p.m. and traversed a walkway that included a stretch of elongated steps.[1] At the time, she neither observed any defects along the walkway, nor had any trouble traversing it. At approximately 8 p.m., the plaintiff left her sister's residence, travelling along the same walkway. The walkway was well lit until the plaintiff reached the stretch of elongated steps. The plaintiff could not see a step down, and, as a result, she fell, sustaining injuries.

By way of a complaint dated March 27, 2014, the plaintiff commenced this negligence action against the defendants, alleging that her fall and resulting injuries were caused by the negligence and carelessness of the defendants, their agents, their servants, and/or their employees in, inter alia, failing to provide adequate lighting, and failing to provide a handrail or give any indication of the existence of a change in elevation at the location of the incident. On November 12, 2014, the defendants filed a motion for summary judgment, arguing that no genuine issue of material fact existed, and, therefore, they were entitled to judgment as a matter of law. Specifically, the defendants contended that they had no actual or constructive notice of "the alleged dangerous or defective conditions (an unsafe or defective riser step on that sidewalk at the subject premises and/or inadequate lighting in the area of her fall) . . . ."[2] In support of their motion, the defendants submitted (1) the deposition testimony of the plaintiff and (2) the affidavit of Franco Pulino, the building manager of the complex at the time of the incident.

Pulino, in his affidavit, asserted that if any structural defect or problem with inadequate lighting in the location of the incident existed, it would have been reported to him. Furthermore, in the weeks preceding the plain-

tiff's fall, no one filed complaints or reports regarding the location of the incident. Moreover, it is Pulino's general practice, as it was at the time of the plaintiff's fall, to walk the grounds of the complex at least twice per work day during the winter months. He does so "in order to inspect for ground surface conditions generally and to see whether there are any issues or problems in pedestrian travel areas which need to be corrected." Pulino further indicated that, in the winter months of 2013, he did not observe any inadequate lighting or structural defects affecting the location of the incident. If he had observed any inadequate lighting or defects, he or the maintenance staff would have made the necessary repairs.

In her opposition to the motion, the plaintiff did not present any evidence to support the contention that the defendants had notice of the defects. Instead, she supported her opposition by referring to her deposition testimony submitted by the defendants.

In its March 16, 2015 memorandum of decision, the court concluded that no genuine issue of material fact existed as to notice of the defects at the location of the incident. Specifically, the court determined that the plaintiff did not present any evidence to support "that the defendants' ownership and control of the subject premises permits an inference of notice of the defects," and that "[t]he only evidence presented is that the plaintiff herself had traversed the very location of her fall without noting any defects just several hours before her fall." Accordingly, the court rendered summary judgment in favor of the defendants. Thereafter, on March 26, 2015, the plaintiff filed a motion for reconsideration and motion to reargue, which the court denied on April 13, 2015. The plaintiff then filed this appeal. Additional facts will be set forth as necessary.

The plaintiff claims that the court improperly granted the defendants' motion for summary judgment, arguing that the evidence "established a question of material fact as to whether the [defendants] had actual or constructive notice of the defects." Specifically, the plaintiff contends that a fact finder reasonably could find that the defendants had constructive notice of inadequate lighting and the lack of a handrail when Pulino, as building manager of the complex, walked by the location of the incident "at least sixty-two (62) times over the six (6) weeks and three (3) days immediately preceding the [plaintiff's] fall."[3] We agree with the plaintiff.

We first set forth our standard of review and relevant law. "The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to

judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) *DiPietro* v. *Farmington Sports Arena, LLC*, 306 Conn. 107, 115–16, 49 A.3d 951 (2012).

"The existence of the genuine issue of material fact must be demonstrated by counteraffidavits and concrete evidence. . . . If the affidavits and the other supporting documents are inadequate, then the court is justified in granting the summary judgment, assuming that the movant has met his burden of proof. . . . When a party files a motion for summary judgment and there [are] no contradictory affidavits, the court properly [decides] the motion by looking only to the sufficiency of the [movant's] affidavits and other proof. . . . Finally, the scope of our review of the trial court's decision to grant the [defendants' motions] for summary judgment is plenary." (Citations omitted; internal quotation marks omitted.) *Barile* v. *LensCrafters, Inc.*, 74 Conn. App. 283, 285–86, 811 A.2d 743 (2002).

The complaint in the present case sounds in negligence on a theory of premises liability. The parties do not dispute that the plaintiff was a business invitee of the defendants, and, as such, the defendants owed the plaintiff a duty of care to keep their premises in a reasonably safe condition. "The relevant principles of premises liability are well established. A business owner owes its invitees a duty to keep its premises in a reasonably safe condition. . . . In addition, the possessor of land must warn an invitee of dangers that the invitee could not reasonably be expected to discover. . . . Nevertheless, [f]or [a] plaintiff to recover for the breach of a duty owed to [him] as [a business] invitee, it [is] incumbent upon [him] to allege and prove that the defendant either had actual notice of the presence of the specific unsafe condition which caused [his injury] or constructive notice of it. . . . [T]he notice, whether actual or constructive, must be notice of the very defect which occasioned the injury and not merely of conditions naturally productive of that defect even though subsequently in fact producing it. . . . In the absence of allegations and proof of any facts that would give rise to an enhanced duty . . . [a] defendant is held to the duty of protecting its business invitees from known, foreseeable dangers. . . .

"Accordingly, business owners do not breach their

duty to invitees by failing to remedy a danger unless they had actual or constructive notice of that danger. To defeat a motion for summary judgment in a case based on allegedly defective conditions, the plaintiff has the burden of offering evidence from which a jury reasonably could conclude that the defendant had notice of the condition and failed to take reasonable steps to remedy the condition after such notice." (Citations omitted; internal quotation marks omitted.) *DiPietro* v. *Farmington Sports Arena, LLC*, supra, 306 Conn. 116–17.

For the purpose of the summary judgment motion, the defendants conceded the allegations that there was inadequate lighting and that the elongated steps were unsafe,[4] and, therefore, we need not determine whether a question of material fact existed regarding such defects. Further, the plaintiff does not argue on appeal that the defendants had actual notice of the defects. As a result, the question before us is whether a genuine issue of material fact exists as to whether the defendants had constructive notice of the defects at the location of the incident.

On the basis of our plenary review of the record, we conclude that a genuine issue of material fact exists as to whether the defendants had constructive notice of inadequate lighting and the lack of a handrail at the location of the incident. "[The] question [of constructive notice] entails an inquiry into whether the condition had existed for such a length of time that the [defendants'] employees should, in the exercise of due care, have discovered it in time to have remedied it. . . . What constitutes a reasonable length of time is largely a question of fact to be determined in the light of the particular circumstances of a case." (Internal quotation marks omitted.) *James* v. *Valley-Shore Y.M.C.A., Inc.*, 125 Conn. App. 174, 179, 6 A.3d 1199 (2010), cert. denied, 300 Conn. 916, 13 A.3d 1103 (2011).

In her deposition testimony, the plaintiff testified that the location where she fell had inadequate lighting, stating that she initially could see where she was walking, but once she reached the elongated steps, she could no longer see where she was going.[5] Specifically, she stated that "[t]here was no light on the side of the building," and that "[i]t was actually pitch black in that area." Furthermore, when asked if she observed any problems with unsafe ground surface conditions affecting the elongated steps, the plaintiff stated that there was no handrail.

The plaintiff also stated, however, that she had not previously noted any problems with inadequate lighting at the location of the incident, and that she was not aware of any tenants or visitors of the complex previously noting any problems affecting the location of the incident. Moreover, the plaintiff was not aware of any complaints made to the property manager or the

maintenance staff about structural defects affecting the sidewalk or that stretch of steps.

The evidence reflected that Pulino conducts his twice-a-day inspections during the work days of the winter, and that the winter season begins with the solstice on December 21. The plaintiff's fall occurred on February 4, 2013, which means that, by the time of the fall, Pulino would have walked past the location of the incident at least sixty-two times. The evidence submitted reasonably could lead a fact finder to conclude that, in walking by the area at least sixty-two times, Pulino, with reasonable inspection, would have noticed that part of an otherwise illuminated walkway lacked adequate lighting.[6] Noticing the lack of illumination, Pulino would have been alerted to the defect. A question of fact, therefore, exists as to whether inadequate lighting remained for a sufficient length of time for Pulino, through his inspections, to become aware of the defect, and for the defendants to remedy it before the plaintiff's fall.

We conclude, furthermore, that the evidence indicates that a genuine issue of material fact exists as to whether the defendants had constructive notice of the lack of a handrail. "[Triers of fact] are not required to leave common sense at the courtroom door . . . nor are they expected to lay aside matters of common knowledge or their own observations and experience of the affairs of life, but, on the contrary, to apply them to the facts at hand . . . ." (Internal quotation marks omitted.) *In re Kristy A.*, 83 Conn. App. 298, 316, 848 A.2d 1276, cert. denied, 271 Conn. 921, 859 A.2d 579 (2004). Based on common knowledge, a fact finder reasonably could conclude that a set of steps requires a handrail. Bearing that in mind, a fact finder reasonably could conclude that, in walking past the area at least sixty-two times before the plaintiff's fall, Pulino would have noticed that the elongated steps lacked a handrail to assist persons traversing the area. A question of fact, therefore, exists as to whether the defect of the lack of a handrail remained for a sufficient length of time that the defendants, through Pulino, could have discovered and remedied it.

On the basis of the foregoing, we disagree with the court's conclusion that no genuine issue of material fact existed as to the defendants' constructive notice of the defects. Whether the defendants had constructive notice of inadequate lighting and the lack of a handrail at the location of the incident is a question for the fact finder.

The judgment is reversed and the case remanded for further proceedings consistent with this opinion.

In this opinion the other judges concurred.

[1] The walkway was further described in the defendants' brief as "a series of elongated steps, a stretch of sidewalk, a set of normal steps, and then an additional stretch of sidewalk."

[2] For the purpose of the summary judgment motion, the defendants conceded that the lighting was inadequate and that the step was unsafe, but argued that they had no notice of the claimed defects.

[3] In her opposition to the motion for summary judgment, the plaintiff also argued that the defendants created the hazardous conditions that caused her fall, and, therefore, proof of notice was not necessary. The plaintiff, however, does not raise this argument on appeal.

[4] The defendants' concession that the steps were unsafe included the lack of a handrail. In their reply brief to the plaintiff's objection to their motion for summary judgment, the defendants stated the following: "[W]ith respect to the plaintiff's . . . contention that the absence of a handrail in the area of her fall as another unsafe condition creates a triable issue of fact, 'notice' and 'defect' are two separate, distinct prima facie elements of a premises liability claim . . . . In their summary judgment motion, [the defendants] are not contending that there is no genuine issue of fact as to 'defect.' Although they deny the plaintiff's allegations that the lighting was inadequate or the rise step was unsafe, for purposes of this motion, those allegations are conceded and are not at issue. [The defendants] are merely contending that there is no evidence that they had notice of the claimed defects, whether inadequate lighting, the riser step on the sidewalk, or a hand railing."

[5] The deposition testimony contained the following relevant colloquy:

"[The Defendants' Counsel]: And when you were walking along the sidewalk up until that three step staircase there was illumination and you could see where you were going?

"[The Plaintiff]: Yes.

"[The Defendants' Counsel]: And [when] you went down the three step staircase there was illumination, you could see where you were going?

"[The Plaintiff]: Yes.

"[The Defendants' Counsel]: And then once you got down to the bottom of the staircase, that's where there was a problem with lighting?

"[The Plaintiff]: Correct.

"[The Defendants' Counsel]: And, again, you indicated that you did not see the elongated step at all in the moments right before the fall, correct?

"[The Plaintiff]: Correct."

[6] Some ambiguity exists as to whether there was no lighting, or whether there was artificial lighting that subsequently had burned out. We must take the evidence in the light most favorable to the nonmovant, and the plaintiff testified that there was no light and that it was pitch black at the location of the incident.

———————————————————