******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

SOLOMON LAMAR *v.* FRANCIS
BREVETTI ET AL.
(AC 37893)

DiPentima, C. J., and Prescott and Alander, Js.

*Argued December 6, 2016—officially released May 16, 2017*

(Appeal from Superior Court, judicial district of
Waterbury, Roraback, J.)

*Daniel S. DiBartolomeo*, filed a brief for the appellant (plaintiff).

*Daniel J. Foster*, with whom, on the brief, was *Joseph A. Mengacci*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiff, Solomon Lamar, appeals from the summary judgment rendered in favor of the defendants, Francis Brevetti, Michael Guglioti, Vernon Riddick, Jr., Fernando Spagnolo, David Janetty (individual defendants) and the city of Waterbury (city). On appeal, the plaintiff contends that the court improperly rendered summary judgment with respect to (1) his negligence and recklessness claims against the individual defendants, (2) his negligent and intentional infliction of emotional distress claims against Brevetti and (3) his claims against the city pursuant to General Statutes §§ 7-465 and 7-101a. We affirm the judgment of the trial court.

In his complaint filed on August 19, 2010, the plaintiff alleged twenty-four counts against the six defendants.[1] The genesis of this action was the arrest of the plaintiff by Brevetti, a Waterbury police officer, on July 31, 2008. The other individual defendants were high ranking members of the Waterbury Police Department. On August 31, 2010, the defendants removed the action to United States District Court for the District of Connecticut (District Court). On September 26, 2012, the District Court granted the defendants' motion for summary judgment with respect to the plaintiff's claims of civil rights violations, false arrest, malicious prosecution and false imprisonment.

In that decision, the District Court set forth the following facts. On July 31, 2008, Brevetti responded to a report of a disturbance. *Lamar* v. *Waterbury*, Docket No. 3:10CV1390 (RNC), 2012 WL 4481677, *1 (D. Conn. September 26, 2012). Accompanied by police officer Michael Modeen, Brevetti interviewed the two complainants, Hector Ramos and Jessie Stein, who stated that the plaintiff had been yelling obscenities and making threats. Id. Ramos and Stein directed the officers to the home of the plaintiff, who answered the door in a state of undress and appeared nervous. Id. During the officers' questioning, the plaintiff admitted to having a dispute with his neighbors. Id. Brevetti placed the plaintiff under arrest for breach of peace. Id. The plaintiff indicated that he needed to get a pair of pants, and walked up the stairs. Id. The officers followed him to the top of the stairs, where they placed him in handcuffs. Id. At that point, the officers observed, in plain view, "a clear plastic bag containing a white rock-like substance [later determined to be crack cocaine], together with a small scale and a box of sandwich bags." Id. The plaintiff was charged with breach of peace in the second degree and various narcotics offenses.

As a result of this arrest, the Superior Court conducted a hearing on May 13, 2009, on whether the plaintiff had violated a conditional discharge he had received as a part of his sentence on a prior conviction.[2] Id., *2.

The court, *Fasano*, *J.*, determined that the plaintiff, by virtue of this new arrest, had violated his conditional discharge, notwithstanding some discrepancy between Ramos' testimony and the police report completed by Brevetti. Id. Judge Fasano opened the judgment and sentenced the plaintiff to three and one-half years incarceration. Id.

On September 24, 2009, Brevetti was arrested after narcotics were found in his vehicle. Id. He subsequently pleaded guilty to tampering with evidence and possession of a controlled substance. Id.

The state elected not to prosecute the plaintiff for the charges stemming from the July 31, 2008 incident. Id. Following the plaintiff's release from custody on March 26, 2010, he commenced the present action. Id.

The defendants moved for summary judgment in the District Court. In ruling on that motion, the District Court determined that "[i]n this case, uncontested facts establish that the plaintiff's arrest [for breach of peace and the narcotics charges] was supported by probable cause. . . . Because probable cause existed for the plaintiff's arrest, the plaintiff cannot prevail on his claims under [42 U.S.C.] § 1983 and state law for false arrest, false imprisonment and malicious prosecution as a matter of law and, accordingly, the defendants are entitled to summary judgment on these claims." Id., *3. The District Court then declined to exercise supplemental jurisdiction over the remaining state law claims and remanded the case to the Superior Court. Id.

On January 27, 2014, the defendants filed a motion for summary judgment in the Superior Court as to the plaintiff's remaining claims. The plaintiff filed his objection on July 24, 2014. The court, *Roraback*, *J.*, held a hearing and subsequently issued a memorandum of decision granting the defendants' motion for summary judgment. This appeal followed.[3]

As an initial matter, we set forth the legal principles and the standard of review that guide our resolution of this appeal. "The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the

existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case." (Internal quotation marks omitted.) *Rivera* v. *CR Summer Hill, Ltd. Partnership*, 170 Conn. App. 70, 74, 154 A.3d 55 (2017); see also *Heisinger* v. *Cleary*, 323 Conn. 765, 776–77, 150 A.3d 1136 (2016).

Our review of the granting of a motion for summary judgment is plenary; accordingly, we must decide whether the trial court's conclusions were legally and logically correct and find support in the record. *Mariano* v. *Hartland Building & Restoration Co.*, 168 Conn. App. 768, 777, 148 A.3d 229 (2016); see also *Straw Pond Associates, LLC* v. *Fitzpatrick, Mariano & Santos, P.C.*, 167 Conn. App. 691, 704–705, 145 A.3d 292, cert. denied, 323 Conn. 930, 150 A.3d 231 (2016).

After a review of the record, the briefs of the parties, and the applicable law, we conclude that the court properly rendered summary judgment in favor of the defendants with respect to the entirety of the complaint. First, it properly determined that the alleged negligent actions of the individual defendants were discretionary, and not ministerial, acts. See *Smart* v. *Corbitt*, 126 Conn. App. 788, 800, 14 A.3d 368 (police functions generally categorized as discretionary acts), cert. denied, 301 Conn. 907, 19 A.3d 177 (2011). Thus, the doctrine of governmental immunity applied and barred the plaintiff's claims of negligence. See *Haynes* v. *Middletown*, 314 Conn. 303, 312, 101 A.3d 249 (2014); *Coley* v. *Hartford*, 312 Conn. 150, 161–62, 95 A.3d 480 (2014). Further, the individual defendants were not subject to any exception to governmental immunity claimed by the plaintiff. Specifically, the plaintiff failed to demonstrate that there was a triable issue with respect to the imminent harm requirement. See *Brusby* v. *Metropolitan District*, 160 Conn. App. 638, 657–58, 127 A.3d 257 (2015); see also *Haynes* v. *Middletown*, supra, 322–23. The facts and circumstances of this case preclude any finding that the plaintiff's arrest and subsequent imprisonment were likely to cause him imminent harm.

Second, the court properly rendered summary judgment in favor of the individual defendants as to the negligent and intentional infliction of emotional distress counts. The plaintiff expressly conceded, pursuant to our Supreme Court's decision in *Brooks* v. *Sweeney*, 299 Conn. 196, 209, 9 A.3d 347 (2010), that "if the arrest by . . . Brevetti was supported by and based upon probable cause, then an absolute bar would exist to [his] common law tort claims."[4] The existence of probable cause, under the facts and circumstances of this case, is irrefragable and therefore the court properly rendered summary judgment as to the negligent and intentional infliction of emotional distress counts.

Third, the plaintiff failed to adequately brief his challenge to the rendering of summary judgment on the

recklessness counts. See, e.g., *State* v. *Fetscher*, 162 Conn. App. 145, 155–56, 130 A.3d 892 (2015), cert. denied, 321 Conn. 904, 138 A.3d 280 (2016); *Heyward* v. *Judicial Dept.*, 159 Conn. App. 794, 802–804, 124 A.3d 920 (2015). We decline, therefore, to consider the plaintiff's claims with respect to these counts.

Fourth, the plaintiff's various claims against the city, whether framed as direct liability or indemnification, are derivative of his claims against the individual defendants. In light of our conclusion that the individual defendants are entitled to judgment as a matter of law on all claims, the city also is entitled to judgment as a matter of law on the claims asserted against it. *Brooks* v. *Sweeney*, supra, 299 Conn. 221–22.

The judgment is affirmed.

[1] The complaint set forth claims of negligence, negligent infliction of emotional distress, recklessness, false arrest, malicious prosecution, false imprisonment, intentional infliction of emotional distress and civil rights violations by Brevetti, negligence, recklessness and civil rights violations by Gugliotti, Riddick, Spagnolo, and Janetty, and civil rights violations by the city. The complaint further alleged that the city was negligent and liable for the conduct of the individual defendants.

[2] As the result of the prior conviction, the plaintiff was subject to a conditional discharge that required him to obey the law and avoid new arrests. *Lamar* v. *Waterbury*, supra, 2012 WL 4481677, *2 n.2.

[3] The plaintiff's counsel did not appear for oral argument before this court and subsequently did not provide us with any explanation for his absence.

[4] In *Brooks*, our Supreme Court stated: "We note that *the plaintiff does not challenge the trial court's determination that the existence of probable cause defeats her claims of malicious prosecution and intentional and negligent infliction of emotional distress*. We therefore limit our analysis to whether the trial court properly determined that probable cause existed for the plaintiff's arrest." (Emphasis added.) *Brooks* v. *Sweeney*, supra, 299 Conn. 210 n.14. Given the plaintiff's concession, we likewise limit our analysis of these claims to the question of whether no genuine issue of material fact existed with respect to the existence of probable cause.