******************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.
******************************************

KACEY LEWIS *v.* JOHN ALVES ET AL.
(AC 39859)

Keller, Bright and Lavery, Js.

*Syllabus*

The self-represented, incarcerated plaintiff brought this action against the defendants, current and former employees of the Department of Correction, claiming violations of his federal constitutional rights. On appeal, the plaintiff claimed that the trial court improperly rendered summary judgment as to the third and fifth counts of his complaint, which alleged that he was denied due process of law when, at a disciplinary hearing, he was not permitted to call a witness and was assigned an unwanted advocate who advocated against his interests, and that he was subjected to improper conditions of confinement. *Held* that after a thorough review of the record, pleadings, and evidence submitted in support of and in opposition to the motion for summary judgment, this court found that the trial court correctly rendered summary judgment in favor of the defendants.

Argued March 20—officially released June 11, 2019

*Procedural History*

Action to recover damages for the alleged deprivation of the plaintiff's federal constitutional rights, and for other relief, brought to the Superior Court in the judicial district of New Haven, where the court, *Ecker, J.*, granted the defendants' motion for summary judgment and rendered judgment thereon, from which the plaintiff appealed to this court. *Affirmed.*

*Kacey Lewis*, self-represented, the appellant (plaintiff).

*Madeline A. Melchionne*, assistant attorney general, with whom, on the brief, were *George Jepsen*, former attorney general, and *Terrence M. O'Neill*, assistant attorney general, for the appellees (defendants).

*Opinion*

PER CURIAM. The self-represented plaintiff, Kacey Lewis, appeals from the judgment of the trial court rendering summary judgment in favor of the defendants, who are current or former employees of the Connecticut Department of Correction at Cheshire Correctional Institution.[1] Although the plaintiff in his five count complaint, which was brought pursuant to 42 U.S.C. § 1983, alleged several violations of his federal constitutional rights, on appeal, the plaintiff challenges the rendering of summary judgment only as to three alleged constitutional violations. In particular, the plaintiff claims that the court erroneously rendered summary judgment on the third count of his complaint as to his allegations that he was denied due process when (1) he was not permitted to call a witness at his disciplinary hearing and (2) he was assigned an unwanted advocate for that same hearing, who advocated against his interests. The plaintiff also claims that the court erred in rendering summary judgment as to the allegations in his fifth count that he was subjected to improper conditions of confinement. We affirm the judgment of the trial court.

Initially, we set forth the legal principles and the standard of review that guide our resolution of this appeal. "The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book [§ 17-49] provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact. . . . A material fact . . . [is] a fact which will make a difference in the result of the case. . . .

"Our review of the granting of a motion for summary judgment is plenary; accordingly, we must decide whether the trial court's conclusions were legally and logically correct and find support in the record." (Citations omitted; internal quotation marks omitted.) *Lamar* v. *Brevetti*, 173 Conn. App. 284, 288–89, 163 A.3d 627 (2017).

After thoroughly reviewing the record, including the pleadings and the evidence submitted in support of and in opposition to the defendants' motion for summary

judgment, we are convinced that the trial court correctly rendered summary judgment in favor of the defendants. There was no error.

The judgment is affirmed.

[1] The named defendants are John Alves, Jeffrey Adgers, Sr., Antonio Lopes, Michael Fortin, Christopher Johnson, and Stacy Anderson.